[L. A. No. 116.    Department One.—March 10, 1897.]

JOHN MASON, Respondent, *v.* M. A. LUCE et al., Appellants.

Foreclosure of Mortgage — Statute of Limitations — Maturity of Note—Stipulation in Mortgage—Default in Interest—Penalty —Waiver.—The statute of limitations does not begin to run against the foreclosure of a mortgage until the maturity of the note secured thereby, notwithstanding a stipulation in the mortgage that if default be made in payment of the interest, or any part thereof, according to the tenor of the note, then the whole principal and interest shall become *immediately* due, and the mortgagee may proceed to foreclose and sell the mortgaged premises in the manner provided by law, such stipulation being in the nature of a penalty inserted for the benefit of the creditor, who waives all benefits from the default by accepting payment of interest after the default.

Id.—Stipulation in Note for Attorney's Fees—Personal Judgment.—
A stipulation in a note secured by mortgage for the payment of five per
cent of the amount due and unpaid, as attorney's fees, renders the note
non-negotiable, but is not invalid or void; and, where the mortgage
only secures the principal and interest of the note, it is proper, in an
action to foreclose the mortgage, to render a personal judgment against
the mortgagor pursuant to the terms of the note for the attorney's fees
therein stipulated.

Appeal from a judgment of the Superior Court of San Diego County. W. L. Pierce, Judge.

The facts are stated in the opinion.

*M. A. Luce*, for Appellants.

The provision that the note should become immediately due upon default in the payment of interest was not in the nature of a penalty, and, therefore, the case of *Belloc* v. *Davis*, 38 Cal. 242, upon the authority of which this case was decided in the trial court, does not apply. (Wiltsie on Mortgage Foreclosure, sec. 37; *Chambers* v. *Marks*, 93 Ala. 412.) Upon default in the payment of interest, the action accrued and the statute of limitations commenced to run in favor of the defendants. (*First Nat. Bank* v. *Peck*, 8 Kan. 660; *Harrison Machine Works* v. *Reigor*, 64 Tex. 89; *Moline Plow Co.* v. *Webb*, 141 U. S. 616; *Chambers* v. *Marks, supra; Hemp* v. *Garland*, 4 Q. B. 519.) The court erred in rendering personal judgment against the defendants for the amount of the attorney's fee, as the stipulation therefor is void. (Civ. Code, sec. 1670; *Muldoon* v. *Lynch*, 66 Cal. 536; *Eva* v *McMahon*, 77 Cal. 467–72; *Drew* v. *Pedlar*, 87 Cal. 443–50; 22 Am. St. Rep. 257; *Kittermaster* v. *Brossard*, 105 Mich. 219; *Bullock* v. *Taylor*, 39 Mich. 137; 33 Am. Rep. 356; *Witherspoon* v. *Musselman*, 14 Bush, 214; 29 Am. Rep. 404; *Merchants' Nat. Bank* v. *Sevier*, 14 Fed. Rep. 662, and cases there cited; *Dow* v. *Updike*, 11 Neb. 95; *State* v. *Taylor*, 10 Ohio, 378; *Balfour* v. *Davis*, 14 Or. 47; *Levens* v. *Briggs*, 21 Or. 333.) Even if the stipulation were valid, still no attorney's fees could be recovered in this action, as the mortgage contained no stipulation to that effect. (*Clemens* v. *Luce*, 101 Cal. 432. See

*Sichel* v. *Carrillo*, 42 Cal. 493; *Monroe* v. *Fohl*, 72 Cal. 570; *Wyler* v. *Kerner*, 54 Wis. 591.) No deficiency having been ascertained, a personal judgment was erroneous. (Code Civ. Proc., sec. 726; *Culver* v. *Rogers*, 28 Cal. 521; *Hunt* v. *Dohrs*, 39 Cal. 304; *Crim* v. *Kessing*, 89 Cal. 478; 21 Am. St. Rep. 491; *Powell* v. *Patison*, 100 Cal. 236; *Hull* v. *Young*, 29 S. C. 64; *Cobb* v. *Thornton*, 8 How. Pr. 66.) The plaintiff had his remedy at law for the recovery of the attorney's fee. (*Vandewater* v. *McRae*, 27 Cal. 596; *Franks* v. *Davis*, 61 Hun, 496; 16 N. Y. Supp. 369; *Vaughan* v. *Black*, 63 Mich. 215; *Dudley* v. *Congregation*, 65 Hun, 21; 19 N. Y. Supp. 605.)

*William H. Fuller*, for Respondent.

The action was not barred by the statute of limitations, as the cause of action did not accrue on default in the payment of interest. (*Watts* v. *Creighton*, 85 Iowa, 154; *Richardson* v. *Warner*, 28 Fed. Rep. 344; *Belloc* v. *Davis*, 38 Cal. 243; *Leonard* v. *Tyler*, 60 Cal. 299, 300; *Brickell* v. *Batchelder*, 62 Cal. 624-31; *Yoakam* v. *White*, 97 Cal. 286; *Clemens* v. *Luce*, 101 Cal. 435.) The demand for attorney's fees was properly included in this action. (*Clemens* v. *Luce, supra.*)

BELCHER, C.—The plaintiff commenced this action on January 29, 1895, to foreclose a mortgage executed by the defendants, M. A. Luce and Adelaide M. Luce, on February 18, 1890, to secure payment of their promissory note for $4,000, made on the same day, and due one year after date. The note bore interest at the rate of thirteen per cent per annum, payable quarterly, and, if not so paid, then to become part of the principal, and bear a like rate of interest. It also contained the following clause: "And we further agree that, in the event of suit being brought against us, then there shall be added to any judgment against us rendered in said suit, as counsel fees, an additional sum of five per centum, in like gold coin, upon the amount of the principal and interest thereof accrued at the time of the

entry of such judgment; or, if paid before judgment, and after action commenced, then on the amount at the date of payment."

The mortgage stated that it was given to secure the payment of the principal and interest of the said promissory note, a copy of which was set out, and then contained the following clause: "And the mortgagor hereby covenants with the mortgagee that if default be made in the payment of the interest, or any part thereof, according to the tenor of said note, then the whole sum of principal and interest shall become immediately due, and the mortgagee may proceed with suit of foreclosure, and sell the mortgaged premises in the manner provided by law."

The answer of defendants alleged: 1. That the provision in the note in regard to counsel fees "was in the nature of a penalty imposed upon said defendants in case they should fail to pay the note when the same should become due," and that five per cent was not a reasonable counsel fee, or any other sum over and above $50; and 2. It set up the provision above quoted from the mortgage, and alleged "that on November 18, 1890, there was due and payable upon said note a quarter of a year's interest, but that said defendants failed to pay the same at that time, and made default in the payment of the interest provided in said note and mortgage, and that the same thereupon became due." It then alleged that the cause of action stated in the complaint was barred by the provisions of section 337 of the Code of Civil Procedure.

To the second defense set up in the answer the plaintiff interposed a general demurrer, and the same was sustained.

Subsequently the case came on for trial, and was submitted. The court found that all the allegations of the complaint were true, and all the denials and allegations of the answers were untrue; that there was due and owing to the plaintiff from the defendants the sum of $5,632.47 for principal and interest of the said promis-

sory note, and $14 costs of suit, aggregating $5,646.47, which was secured by the mortgage, and the further sum of $281.62 as and for an attorney's fee, as provided in said note, which was not secured by the mortgage.

A decree in the usual form was accordingly entered foreclosing the mortgage, and directing a sale of the mortgaged premises and the application of the proceeds, after paying the expenses of the sale, to the payment of the said sum of $5,646.47, and interest thereon, and also directing that in case of a deficiency a judgment for the deficiency be docketed against the defendants. A personal judgment against the defendants was also entered for the said sum of $281.62.

From this decree and judgment the defendants appealed, and have brought the case here without any statement or bill of exceptions.

1. Appellants contend that the action was barred by the statute of limitations, and that the court erred in sustaining the demurrer to their answer.

It was alleged in the complaint that payments of interest due and accrued were made from time to time and indorsed on said promissory note, and that the date of the last payment was January 7, 1895. The answer did not deny this allegation, but simply alleged that a quarterly installment of interest was due and payable upon the note on November 18, 1890, and "that said defendants failed to pay the same *at that time.*" From all this the natural and necessary inference is that the installment of interest referred to was subsequently paid by defendants.

In *Belloc* v. *Davis*, 38 Cal. 242, the action was brought to foreclose a mortgage given to secure payment of a promissory note for $16,000, executed and delivered on the eleventh day of October, 1861, payable six months after date, with interest payable monthly, and with the following clause in the note, to wit: "And in case default be made in any payment of interest, when the same shall become due as aforesaid, then the whole amount of principal and interest to become due and payable immediately upon such default." The monthly

interest which became due from February, 1862, to November, 1862, was not paid as stipulated in the note. The plaintiff commenced his action on the 7th of April, 1866, to foreclose the mortgage, and the defense relied upon was the statute of limitations. The note became due and payable on its face on the 11th of April, 1862, and the action was commenced four days less than four years from the maturity of the note, but more than four years after the first default was made in the payment of interest. The court said: "Our statute of limitations requires that an action to foreclose a mortgage shall be commenced within four years from the time 'when the cause of action accrues.' The question for our decision, therefore, is, When did this cause of action accrue, in the sense of the statute? Did the statute commence to run from the time of the first default in the payment of interest, or only on the expiration of the term of credit specified in the note, to wit, six months from its date? The question is novel, and somewhat embarrassing; but our conclusion is, that the cause of action, within the true meaning of the statute, accrued at the expiration of the credit fixed by the note, to wit, six months after its date. The provision in the note to the effect that in case of default in the payment of interest the whole amount of principal and interest shall ' become due and payable immediately upon such default,' is evidently in the nature of a penalty, inserted for the benefit of the creditor."

It was also held that by accepting the payment of the interest after default has been made, the creditor waives all benefit from the default, and thereafter the rights and obligations of both parties continue, without regard to the forfeiture.

That case is directly in point here, and we think it correctly declares the law applicable to such cases, and should be followed. (See, also, *Watts* v. *Creighton*, 85 Iowa, 154; *Richardson* v. *Warner*, 28 Fed. Rep. 343; *Moline Plow Co.* v. *Webb*, 141 U. S. 616; 8 Am. & Eng. Ency. of Law, 192.)

It follows that the court did not err in sustaining the demurrer to defendant's answer.

2. Appellants also contend that the court erred in rendering a personal judgment against them for the amount found due for attorney's fees, for the reason that the stipulation in the note for attorney's fees was void.

It has been several times held by this court that such a stipulation in a promissory note renders the note non-negotiable. (*Adams* v. *Seaman*, 82 Cal. 636; *First Nat. Bank* v. *Babcock*, 94 Cal. 96; 28 Am. St. Rep. 94; *First Nat. Bank* v. *Falkenhan*, 94 Cal. 141.) In so holding the court could not have considered the stipulation void, since if it were void it could not have the effect attributed to it. This contention cannot, therefore, be sustained.

But if this be so, it is still insisted that no judgment for the attorney's fees could be entered in this action for foreclosure, and that plaintiff must recover the same, if at all, in an action at law brought for that purpose.

*Clemens* v. *Luce*, 101 Cal. 432, was an action similar to this, and the court, speaking upon the point in hand, said: "As the obligation for the payment of attorney's fees, although not secured by the mortgage, was included in the instrument by which the secured debt was evidenced, and provided that judgment might be entered for counsel fees in such suit, it was properly included in the same action, but the right to a judgment for such fees was the same as it would have been in an action upon a promissory note with such a clause, of which no part was secured by mortgage."

If in that action the obligation for the payment of attorney's fees was " properly included," then it was so in this action, and we see no reason why the relief demanded and awarded might not be granted. (See, also, *Hildreth* v. *Williams* (Cal., Aug. 25, 1893), 33 Pac. Rep. 1113).

We advise that the decree and judgment be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the decree and judgment are affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.