## HARTRIDGE SCHOOL v. RIORDAN.

(Supreme Court, Appellate Term. November 24, 1908.)

SCHOOLS AND SCHOOL DISTRICTS (§ 8*) — PRIVATE SCHOOLS — PUPILS AND TUITION—EVIDENCE.

In an action by a school for the tuition of defendant's daughter, evidence *held* insufficient to establish a contract for tuition for an entire year at a certain charge without deduction for absence or withdrawal.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 11; Dec. Dig. § 8.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Hartridge School against James Riordan. From a judgment in favor of plaintiff, it appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Julian Hartridge, for appellant.

Atwater & Cruikshank, for respondent.

PER CURIAM. Whether the contract between the plaintiff's assignor and the defendant, relative to the introduction of his daughter into a school kept by the former as a resident pupil for an entire year

at a certain charge, and without deduction for absence or withdrawal, was concluded by and between them upon those terms, was a question of fact, determined by the trial justice in favor of the defendant, who from the testimony adduced (much under the pleadings being irrelevant) does not appear to have expressly contracted, nor does he impliedly appear to have so agreed as it was not shown that his attention was directed or called to matter pertaining thereto on an application blank of remote date, or in a catalogue of the current year. The judgment rendered for the plaintiff for the sum that was payable in advance must therefore be affirmed.

Judgment affirmed, with costs to the respondent.

SEABURY, J. (dissenting). The evidence shows that the contract between the parties was an entire contract. Under it the defendant's daughter entered the Hartridge School for the school year. Upon the application blank, which the defendant signed, it is distinctly stated that:

"It is understood that pupils are entered for the entire year and no reduction will be made for absence or withdrawal."

There is other evidence which sustains the view that the defendant knew that the provision quoted above was part of the contract which he made with the plaintiff. The defendant's daughter entered the school and remained a short time, and was then withdrawn from it on account of sickness. The trial court has awarded judgment for the plaintiff for one-half of the yearly tuition fee. The contract being entire, the amount due under it cannot be apportioned. If the plaintiff was entitled to recover at all, it was entitled to recover the full amount.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.