8841

CAMPBELL v. GREENVILLE, S. & A. RY.

ROGERS v. SAME.

(81 S. E. 676.)

RAILROADS.   CROSSING ACCIDENTS.   SIGNALS.

Notwithstanding that the charter of an interurban electric railway company, granted under the general law, provided that it should be subject to all of the liabilities of railroad corporations embraced in the general railroad law (Civil Code 1912, secs. 3098-3316), section 3222, requiring the ringing of a bell or blowing of a whistle 500 yards from a public highway crossing, and that the bell be kept ringing until the engine crossed the highway, would not be applicable to electric railroads.

Before BOWMAN, J., Anderson, Fall term, 1913. Reversed.

Actions by E. V. Campbell and Jones J. Rogers against Greenville, Spartanburg & Anderson Railway Company, to recover damages to a horse, the property of Rogers, and buggy, the property of Campbell, in a collision with a car being operated by defendant at a public crossing. From a judgment for the plaintiff in each case, defendant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant: *The statute, 1 Code of Laws 1912, sec. 2123, does not apply to railroads operated by electricity. As to construction of statutes:* 56 S. C. 173; 68 S. C. 411; 28 S. C. 521. *Charge on facts:* 31 S. C. 218; 38 S. C. 31.

*Messrs. Greene & Earle,* for respondent, cite: *Electric railroads within general railroad law:* 63 L. R. A. 637; 13 Am. Neg. Rep. 663; 3 Am. Neg. Rep. 125; 81 Mo. App. 78; 67 L. R. A. 64, note.

May 6, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiff in each of these cases recovered judgment against the defendant for damages resulting to his property by collision with one of the cars of the defendant at a public crossing.

The defendant operates its cars by electricity by means of overhead trolleys. Its charter, granted by the Secretary of State under the general law, provides that it "shall be entitled to all the rights, power and privileges, and be subject to all the limitations and liabilities of railroad corporations embraced in the general railroad law, being chapter 50 of the said Code of 1902 (chapter 69 of Code of 1912), as well as any acts now existing or hereafter to be passed, regulating the duties, privileges and liabilities of railroad companies."

The Court instructed the jury that this provision of its charter imposed upon defendant the duty prescribed by the general railroad law of ringing a bell or blowing a whistle 500 yards from the place where the railroad crosses any public highway, and of keeping the bell ringing or the whistle sounding until the engine has crossed such highway.

In this instruction, there was error. The statute shows by its terms that it was not intended to apply to railroads operated by electricity, but only to those operated by steam. Other portions of the charge to which exception has been taken are dependent upon this erroneous application of the statute, and need not be specially considered.

Judgment reversed.

MESSRS. JUSTICES FRASER and GAGE concur in result only.