GEORGE G. WILLIAM, Appellant, *v.* ABRAHAM STEIN and CAMILLA STEIN, Respondents.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Contracts — for board and tuition of defendants' daughter at school — measure of damages — evidence — judgments.

A contract for the board and tuition of defendants' daughter at the school of plaintiff's assignor for an entire school year, no reduction to be made for absence or withdrawal except in case of protracted illness, is entire and indivisible, and where the daughter left before the expiration of the first term, and no claim is made that it was because of protracted illness, plaintiff is entitled to recover the balance remaining due and unpaid on the contract.

Appellate Term, First Department, July, 1917.    [Vol. 100.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of defendant, after a trial by the court without a jury.

Noble, Estabrook & McHarg (Herbert Noble, of counsel), for appellant.

John McLaren, for respondents.

ORDWAY, J.  The plaintiff seeks to recover from the defendants $407.46, the balance plaintiff claims to be due and owing on a contract for the board and tuition of a daughter of the defendants at the school of Miss Sayward, plaintiff's assignor.

The complaint alleges an agreement for the entire school year.  The answers of both defendants deny making such an agreement, but admit contracting and paying for the first term of the school year.

The proof is that a representative of the school called and spoke with the defendant Camilla Stein, the mother, about the entrance of her daughter into the school.  It is conceded that at that time defendant had a catalogue of the school and an application blank. The latter, which was afterwards signed and sent by Mrs. Stein to Miss Sayward, containing the following:

" I hereby apply for the admission of my daughter to Miss Sayward at Overbrook, Pa., *for the school year,* according to the terms, rules and regulation *in their catalogue,* to all of which I agree, and answer the following questions  *  *  *."

The catalogue contained among other things the following:

"Attention is drawn to the following notice:  It is understood that pupils are entered for the *entire*

*school year,* and no reduction will be made for absence or withdrawal, except in cases of *protracted* illness * * * ."

The defendant Mrs. Stein testified that she had a catalogue of the school but that she " just glanced through it " and did not read it, and again that she " did read it carefully enough." No claim is made that the girl left the school because of protracted illness. She entered September 29, 1915, and left January 13, 1916, before the expiration of the first term. At the conclusion of the entire case, the justice of the Municipal Court dismissed the complaint, saying: " I hereby find and decide that the complaint in this case must be dismissed for the reason that the plaintiff has failed to prove any damage. All that plaintiff could recover were the profits she would have made had defendants lived up to the contract alleged in the complaint. The measure of damages is the difference between the contract price and the cost to the plaintiff of providing defendants' daughter with the tuition, lodging, etc., provided in the contract, and there is nothing in the evidence to show what that difference is. Judgment in favor of the defendants dismissing the complaint with costs."

The plaintiff's evidence is to the effect that the representative of the school called and had a conversation with the defendant, at which time they " talked about the catalogue and the things that were in it." Further: " Mrs. Stein asked me about terms and I quoted the terms of the catalogue and told her the girls were entered by the year." This is denied by Mrs. Stein, but the catalogue and the written application, accepted by Miss Sayward, were the contract, and what was said by the parties prior to signing the application was merged in the contract.

The contract is entire and indivisible, and plaintiff

having fully performed, or offered to perform, is entitled to recover the full amount due thereunder. *Kabus* v. *Seftner,* 34 Misc. Rep. 538. Such a contract for board and tuition of a pupil in a school is entire, and it cannot be separated or apportioned. *Starr* v. *Liftchild,* 40 Barb. 541. The respondents' counsel in his brief on this appeal does not undertake to support the judgment on the theory on which the judge decided the case below, but claims that the judgment should be affirmed on the theory that no contract for the entire school year was entered into between the plaintiff's assignor and the defendants, but this was not the theory on which the judge decided the case; he did not decide that the evidence was insufficient to show that this contract was entered into; the reason he gives for the dismissal of this complaint is merely that the plaintiff has not shown that he was damaged.

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

LEHMAN and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.