## M. J. Dwyer, Plaintiff in Error, v. John F. Cashen, Jr., Defendant in Error.

## Gen. No. 28,725.

DAMAGES—*right to compensatory damage for breach of entire contract*. A plaintiff who entered into a contract with defendant to furnish the latter with gymnasium privileges and physical instruction and training for one year for a stipulated sum of money is entitled to recover the whole sum stipulated for in the contract upon breach thereof by the defendant and not nominal damages only, even though special damages are not pleaded.

Error by plaintiff to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed and judgment here for $100. Opinion filed March 11, 1924.

SUMNER C. PALMER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff in error brought suit upon an agreement whereby he agreed that defendant should be entitled to the privileges of a gymnasium operated and maintained by him, and to physical instruction and training therein for one year, in consideration of which defendant agreed to pay him $100 in advance on signing the agreement, which both signed.

Plaintiff proved that he conducted such a place for such purpose during the period contracted for and at the time of the trial, and that defendant never paid him anything. It also appeared that defendant did not go to the place or take any training there. Defendant offered no evidence and moved for judgment. The court, before whom the case was tried without a jury, found the issues against defendant but assessed plaintiff's damages at one cent, on the theory that no damages were proven.

It was not necessary to prove special damages. It has been held that where a contract is for a course of school instruction or for a specified period of time, it is entire, and the school proprietor is entitled to recover the whole sum agreed upon or nothing.

In *William v. Stein,* 100 N. Y. Misc. 667, 166 N. Y. Supp. 836, the action was to recover on a contract for board and tuition for the entire school year. The student left before the expiration of the first term. The suit was brought for the balance contracted for. While the court below ruled as did the court below here with respect to damages, the judgment was reversed, the Appellate Court holding that the contract was entire and indivisible, and that the plaintiff having fully performed, or offered to perform, was en-

titled to recover the full amount due thereunder. A similar case applying the same rule is *International Text-book Co. v. Martin,* 82 Neb. 403. The same principle is recognized in *Manson v. Culver Military Academy,* 141 Ill. App. 250; *Horner School v. Wescott,* 124 N. C. 518; *Teeter v. Horner Military School,* 165 N. C. 564; *Hartridge School v. Riordan,* 112 N. Y. Supp. 1089; *Kentucky Military Institute v. Bramblet,* 158 Ky. 205. (See note in 51 L. R. A. [N. S.] 975, where cases on the subject are compiled; also 35 Cyc., p. 816.)

Applying this rule of law to undisputed facts not dissimilar to school cases, the judgment will be reversed and a judgment entered here for $100, the amount of the contract.

*Reversed and judgment here for $100.*

GRIDLEY, P. J., and FITCH, J., concur.