[Civ. No. 3008.    Third Appellate District.—February 5, 1926.]

HITCHCOCK MILITARY ACADEMY (a Corporation), Respondent, v. HENRIETTA DE BACK MYERS, Appellant.

[1] SCHOOL LAW—CONTRACT FOR TUITION—ACTION TO ENFORCE PAYMENT—LIQUIDATED DAMAGES—INAPPLICABILITY OF SECTIONS 1670 AND 1671, CIVIL CODE.—An action brought by a military academy to recover a balance due on account of a contract of tuition entered into between plaintiff and defendant, by the terms of which the defendant purchased for her two sons admission to said academy as cadets for an entire school year, is one to enforce payment according to the terms of the contract, and there being

no provision in the contract whereby either party seeks to compensate the other for liquidated damages for the breach thereof, sections 1670 and 1671 of the Civil Code have no application.

[2] ID.—ENTIRETY OF CONTRACT—RIGHT OF RECOVERY.—School rules and provisions contained in a school catalogue, advertisement or application blank become a part of the contract for tuition and other school charges, where notice thereof has been given to parents or guardians, or their attention called thereto, and a contract for a complete course of instruction or for a specified period of time is entire and the school proprietor is entitled to recover the whole sum agreed upon or nothing.

---

(1) 35 Cyc., p. 816, n. 51.    (2) 35 Cyc., p. 815, n. 50, 51.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Zagoren and George L. Popert for Appellant.

Frederick L. Berry and Ralph H. Lewis for Respondent.

THE COURT.—Action by plaintiff to recover of the defendant $900 alleged to be due on account of certain contracts for tuition, entered into between the plaintiff and the defendant. Respondent had judgment for $896.91 and from this judgment the defendant appeals. It appears from the transcript that the defendant is the mother of two minor sons, Paul de Back Myers and Theodore E. Myers; that on or about the first day of June, 1924, at San Rafael, the plaintiff and the defendant entered into a contract in writing for the admission of the two minor sons of the defendant into the school conducted by the plaintiff for a school year, beginning September 3, 1924, and ending June 3, 1925. The applications for admission of the two minor sons of the defendant to the Hitchcock Military Academy were made subject to the current printed register and regulations of the Academy for the period above mentioned. These terms and conditions are as follows:

---

2. Withdrawal from school as affecting tuition fee, notes, 15 Ann. Cas. 408; 51 L. R. A. (N. S.) 975. See, also, 24 R. C. L. 630.

## "TERMS.

"Cadets are accepted only for the entire school year, or for the remainder of a school year if received after the opening date. *Pro-rata* allowance will be made if a boy is accepted after the first four weeks of the school year, but no reduction or credit will be granted if a cadet is expelled, suspended, or withdrawn.

### "Charges for Resident Cadets.

"The charge for board, tuition, room, minor medical attention, athletics and use of the Academy swimming pool and government arms for the school year of approximately thirty-seven weeks, is $950, payable as follows:

"$50.00 registration fee, to accompany the application for admission of new boys or the application for readmission of old boys;

"$450.00 payable on entrance in September;

"$450.00 payable at the close of the Christmas vacation. . . .

### "Cancellations.

"Registration fees will be returned if applicants are not accepted. Early registration is desirable, and to encourage such action we will return the fees if a written request for cancellation of reservation is received by the Academy not later than thirty days before the opening date in September.

"Charges are made for a place in the Academy, and not for a period of attendance. The absence of a cadet does not materially decrease the expenses of the Academy; hence parents and guardians are held responsible for full payment for the school year, or such part of the school year as remains after a late entrance."

The testimony in the transcript further shows that the two boys attended school one-half year each, that the defendant paid the $450 for each boy payable on entrance, but refused and neglected to pay the $450 covenanted and agreed to be paid at the close of the Christmas vacation; that neither one of the boys attended the half-year of school subsequent to the Christmas vacation, beginning in 1924 and ending in 1925. It is for this unpaid portion that this action is prosecuted. It will be observed that the rules and regulations of the Academy, subject to which application for admission

of the two boys was made, provide that admission can be had only for an entire school year 'and that deductions are not made on account of the failure of pupils to attend for the entire year, as charges are made for a place in the Academy and not merely for the period of attendance.

The appellants in this case contend that sections 1670 and 1671 of the Civil Code are controlling here. The first section referred to provides that: ''Every contract by which the amount of damage is to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.''

The next section provides: ''The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.''

A number of cases are cited having to do with controversies arising under these sections where liquidated damages or damages for breaches of contract are set forth in the agreement itself. [1] The inapplicability of the sections involved and the authorities cited having to do with cases where liquidated damages and penalties are set forth in the contract is so apparent that we do not need to extend this opinion by a review thereof. The case at bar is not one involving liquidated damages, or any damages arising from a breach of the contract. It is simply one to enforce payment according to the terms of a contract whereby the defendant purchased for her two boys admission to the Hitchcock Military Academy for one school year. There is no provision in the contract whereby either party seeks to compensate the other in liquidated damages for a contemplated breach thereof. In considering cases of this kind, the textwriter in 35 Cyc., page 816, says:

[2] ''School rules and provisions contained in a school catalogue, advertisement, or application blank become part of the contract for tuition and other school charges, where notice thereof has been given to parents or guardians, or their attention called thereto. A contract for a complete course of instruction or for a specified period of time is entire, and the school proprietor is entitled to recover the whole sum agreed upon or nothing.''

Likewise to the same effect is the case of *Teeter* v. *Horner Military School,* 165 N. C. 564 [Ann. Cas. 1915D, 309, 51 L. R. A. (N. S.) 975, 81 S. E. 767]. It is there said:

"A contract for schooling for any specified period of time being entire . . . it seems to be well settled that, if during the term of the contract, a pupil is properly expelled for misconduct, or unnecessarily withdraws from the school, without any fault on the part of the proprietor or master, or anyone connected with the school, the school is entitled to the whole consideration for the entire period, and may recover any portion thereof remaining unpaid; and the other party to the contract may not recover back any part of the consideration paid in advance for such period. Thus, a parent whose son was properly expelled from a military school for hazing, about thirty days after the beginning of a term, cannot recover any portion of a sum which he paid in advance, at the beginning of the term, upon the tuition fee."

To the same effect is the case of *Vidor* v. *Peacock* (Tex. Civ. App.), 145 S. W. 672, in which case it is held that, "where a pupil is withdrawn during the year, the father is responsible for the whole sum agreed to be paid in the contract." A case involving a somewhat similar principle is that of *Bartlett* v. *Odd Fellows Savings Bank,* 79 Cal. 218 [12 Am. St. Rep. 139, 21 Pac. 743], where an attorney had agreed to perform certain services of an entire contract for a specified compensation. The unwarranted acts of the defendant prevented full performance by the plaintiff. It was held that the contract was entire and the plaintiff was entitled to recover. A long list of authorities appears in the note to *Teeter* v. *Horner Military School,* as reported in 51 L. R. A. (N. S.) 975, supporting the principal case that such contracts are entire and that schools are entitled to recover the full compensation agreed to be paid. As stated in some of the cases, this rule rests upon the fact that the place for a pupil in the school is contracted for at the beginning of the year and cannot reasonably be filled by the school authorities during the course of the year, when a pupil contracting for a place improperly withdraws therefrom, or is withdrawn therefrom. In the case at bar, it appears that the two boys were simply voluntarily withdrawn by the defendant. Under such circumstances, we think the

cases which we have cited are controlling, and as the contract signed by the defendant is an entire contract, the judgment of the trial court should be affirmed, and it is so ordered.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1926.