[Civ. No. 421. Fourth Appellate District.—September 24, 1930.]

G. L. HOADLEY, Respondent, v. FRANK P. ALLEN, Jr., Appellant.

J. C. Hizar for Appellant.

Overton, Lyman & Plumb and Wright & McKee for Respondent.

MARKS, Acting P. J.—At all times herein mentioned, Ada S. Blake was doing business under the fictitious name of Marlborough School, a private school for girls in the city of Los Angeles. In the year 1927, about twenty-five girls residing at the school and 270 girls residing at their homes were enrolled as pupils and were receiving instruction.

Frank P. Allen, Jr., the appellant here, was the father of Frances Ashe Allen, a girl of about seventeen years of age. Prior to September, 1927, the father made a written application to Ada S. Blake for the enrollment of his daughter as a boarding pupil at the Marlborough School for the school year commencing on or about September 21, 1927, and ending on or about June 14, 1928. He signed a written application, the material parts of which are as follows:

"I agree to pay for tuition and board for the said school year $1,600.00 exclusive of tuition for special subjects and of fees and expenses properly chargeable to said pupil incurred on her behalf.

"One-half of the total amount to be paid under this agreement as above set forth shall be due and payable in advance on or before the opening day of the school, and the remaining one-half on or before the 1st of February following. Additional fees and expenses are to be paid for monthly.

"It is understood and agreed that I shall not be relieved of my obligation to make any payments herein agreed to,

and that no deduction or allowance from any of said payments shall be made by reason of the absence, withdrawal, suspension or dismissal of said pupil; provided, however, that in case of her severe illness which prevents her from attending school for more than a month at a time, the payments will be prorated for the particular term in which the illness occurs, but no allowance or deduction will be made for the first six weeks or the last six weeks of either term of the school year. It is understood that you, as principal of the school, reserve the right at all times, and for any cause that you may consider sufficient, to suspend or dismiss said pupil.

"I have read and accept all the conditions as set forth in the Marlborough School catalogue, and agree that so far as they may be applicable, and not at variance with any of the provisions herein, they are to be considered as and are made a part of this agreement.

"I will give to all the school regulations my cordial endorsement and co-operation."

The application was accepted and Miss Allen entered the school and attended it until on or about the eighth day of January, 1928. She was expelled on the following day. Appellant had paid the sum of $811.38 on account of the tuition of $1600 specified in his written application.

Among the rules of the school, and one which it rigidly enforced, was one providing that no boarding pupil should at any time leave the premises of the school without first having obtained permission so to do and the consent of the proper school authority. The rule also provided that a boarding pupil leaving the premises must be accompanied by some responsible adult person, who should be first approved by the school authorities. The pupil was required to return and be in her room at 9:30 o'clock P. M. of each night, and retire and put out the lights by 10 o'clock P. M. each night, unless permission to do otherwise had been first obtained from the school authorities. On January 8, 1928, Miss Allen left the school unchaperoned and without the knowledge or consent of the school authorities, spent the night at a hotel in Los Angeles, and did not return until she was accompanied by her parents on the day following. While there is nothing in the record to suggest that this unauthorized absence resulted in any improper act on her

part, Miss Allen was expelled for the reason that the school authorities could not maintain proper discipline over their pupils and enforce the rule in question if her violation of it were overlooked and if she were allowed to return and continue her course of study. Appellant refused to pay the balance of $788.62 unpaid on the tuition. Miss Blake assigned her demand to respondent, who instituted this action in the court below. Judgment was rendered in his favor and this appeal followed.

█ It is well established by a long line of decisions in practically all of the states in the Union that a private school has power to adopt rules for the regulation of its pupils, and to dismiss pupils who violate them. Where there is a contract such as the one before us, the school can collect the full amount of the consideration expressed in the contract, regardless of the dismissal. (*Dwyer* v. *Cashen*, 232 Ill. App. 493; *Williams* v. *Stein*, 100 Misc. Rep. 677 [166 N. Y. Supp. 836]; *International Textbook Co.* v. *Martin*, 82 Neb. 403 [117 N. W. 994]; *Teeter* v. *Horner Military School*, 165 N. C. 564 [Ann. Cas. 1915D, 309, 51 L. R. A. (N. S.) 975, 81 S. E. 676]; *State ex rel. Burpee* v. *Burton*, 45 Wis. 150 [30 Am. Rep. 706]; *Hodgkins* v. *Rockport*, 105 Mass. 475; *Vidor* v. *Peacock*, (Tex. Civ. App.) 145 S. W. 672; *Miami Military Inst.* v. *Leff*, 129 Misc. Rep. 481 [220 N. Y. Supp. 799].)

█ The trial court found that the rules of the Marlborough School which Miss Allen violated were reasonable and proper regulations. We cannot disagree with this finding. They being such reasonable regulations and having been brought to the knowledge of Miss Allen and appellant, they became part of the contract and appellant became bound by them. (*Williams* v. *Stein*, *supra*; *Van Brink* v. *Lehman*, 199 App. Div. 784 [192 N. Y. Supp. 342].) The case of *Hitchcock Military Academy* v. *Myers*, 76 Cal. App. 473 [245 Pac. 219], is directly in point. In this case it was held as follows:

"A number of cases are cited having to do with controversies arising under these sections where liquidated damages or damages for breaches of contract are set forth in the agreement itself. The inapplicability of the sections involved and the authorities cited having to do with cases where liquidated damages and penalties are set forth

in the contract is so apparent that we do not need to extend this opinion by a review thereof. The case at bar is not one involving liquidated damages, or any damages arising from a breach of contract. It is simply one to enforce payment according to the terms of a contract whereby the defendant purchased for her two boys admission to the Hitchcock Military Academy for one school year. There is no provision in the contract whereby either party seeks to compensate the other in liquidated damages for a contemplated breach thereof. In considering cases of this kind, the text-writer in 35 Cyc., page 816, says:

" 'School rules and provisions contained in a school catalogue, advertisement, or application blank become part of the contract for tuition and other school charges, where notice thereof has been given to parents or guardians, or their attention called thereto. A contract for a complete course of instruction or for a specified period of time is entire, and the school proprietor is entitled to recover the whole sum agreed upon or nothing.' "

"Likewise to the same effect is the case of *Teeter* v. *Horner Military School,* 165 N. C. 564 [Ann. Cas. 1915D, 309, 51 L. R. A. (N. S.) 975, 81 S. E. 767]. It is there said:

" 'A contract for schooling for any specified period of time being entire . . . it seems to be well settled that if during the term of the contract a pupil is properly expelled for misconduct or unnecessarily withdraws from the school without any fault on the part of the proprietor or master or anyone connected with the school, the school is entitled to the whole consideration for the entire period, and may recover any portion thereof remaining unpaid; and the other party to the contract may not recover back any part of the consideration paid in advance for such period. Thus, a parent whose son was properly expelled from a military school for hazing about thirty days after the beginning of a term cannot recover any portion of a sum which he paid in advance, at the beginning of the term, upon the tuition fee.' "

Judgment affirmed.

Barnard, J., and Warmer, J., *pro tem.,* concurred.