[Civ. No. 10119.   First Appellate District, Division One.—February 26, 1937.]

A. L. STEWART, Respondent, v. CHARLES W. CLAUDIUS, Appellant.

Thomas C. Nelson for Appellant.

Carlos R. Freitas, Jerome A. Duffy and Thomas F. Keating for Respondent.

KNIGHT, J.—The complaint herein set up four causes of action for the recovery of the sum of $857.79 and interest. The first and second causes of action were based respectively on an open book account and an account stated, for services rendered; the third was for the reasonable value of services, and the fourth declared on a written contract for the payment of tuition for defendant's son in a military academy operated

by plaintiff. The answer denied generally the allegations of the complaint and pleaded the statute of limitations. The cause was tried before the court sitting without a jury, and at the opening of the trial counsel for plaintiff stated that plaintiff would depend entirely on the fourth cause of action. Thereupon, after the parties stipulated to certain facts, the evidence was narrowed to the issue of the statute of limitations; and judgment was entered in plaintiff's favor for the principal sum sued for, together with interest which amounted to $349.37. Defendant appealed, and the main question to be determined is whether the entire indebtedness alleged to be due, or any portion thereof, was outlawed at the time of the commencement of the action.

The written application for the enrollment of defendant's son, which defendant signed on September 5, 1929, and the school catalogue containing the rules and regulations subject to which said application was made and accepted, constituted the contract sued upon. It appears therefrom that defendant enrolled his son for the term of nine months beginning September 9, 1929, and ending June 6, 1930. The tuition for the term was $1200, payable in two installments, one-half thereof falling due on or before September 10, 1929, and the balance on or before January 10, 1930, with interest at 7 per cent per annum on accounts overdue. The contract further provided, however, that boys were admitted only upon the express condition that they would remain at the academy until the end of the session, unless suspended or dismissed for misconduct or breach of school discipline; and in the event of such suspension or dismissal, or in case of voluntary withdrawal, no part of the fee for tuition for the school year would be refunded or remitted, and any unpaid balance on account of such tuition for the school year would become immediately due and payable to the academy.

Approximately two months after the opening of the school term, and on November 7, 1929, defendant's son was dismissed from the academy by plaintiff for continually absenting himself from school without permission. Defendant sought to have the boy reinstated, but plaintiff refused. Up to the time of the dismissal defendant had paid $420 on the first installment of the tuition, leaving a balance due thereon of $180; and defendant was charged also with certain incidentals amounting to $77.79, making a total indebtedness of $257.79 which had accrued and was payable at the time of dismissal.

On December 14, 1929, plaintiff wrote defendant demanding payment thereof, adding: "Since the tuition for the second half year will be due on January 1st, we hope the present balance will be taken care of before that time." Defendant, believing he had been unjustly treated in the matter, ignored the demand. Plaintiff then waited more than four years from the date of said written demand, to wit, until December 30, 1933, before filing suit; and in each cause of action of his complaint he sued for the entire sum of $857.79, which represented the items aggregating $257.79 which fell due and were payable on November 7, 1929, at the time of the dismissal, and the second installment of tuition amounting to $600 which under the terms of the contract became due and payable on January 10, 1930.

It is evident from the foregoing facts as well as from the provisions of the contract that the sum of $257.79 constituted a separate, distinct demand; that the same fell due and was payable, as stated, on November 7, 1929, at the time of the dismissal of defendant's son; that plaintiff's right of action to collect the same accrued at that time, or at the latest on December 14, 1929, when plaintiff made written demand for the payment thereof; and that therefore, since the action was filed more than four years thereafter, to wit, on December 30, 1933, that portion of the indebtedness was barred by the statute.

Plaintiff contends that the first cause of action declaring on an open book account, was not barred by the statute, and therefore he was entitled to recover thereunder the items aggregating $257.79. There is no merit in the contention, first, because the record shows that at the commencement of the trial there was a complete abandonment by him of the first three causes of action, and that thereafter the cause was tried and decided pursuant to such understanding; secondly, where as here, the action is one to recover installments due under a written contract, the provisions of the contract are controlling as to the running of the statute; and even though the plaintiff keeps a memorandum book in which he charges the accounts accruing under the contract and credits therein the several payments made, the entries in the book account do not fix a new date for the running of the statute (*People* v. *California Safe Deposit & Trust Co.*, 41 Cal. App. 727 [183 Pac. 289]); thirdly, the book account itself, which plaintiff

introduced in evidence, shows upon its face that the items aggregating $257.79 were outlawed; and the fact that on January 25, 1930, plaintiff added to said account the entry "Board and Tuition, $550," did not have the effect of re-establishing a later date for the running of the statute.

As to whether the second installment of the tuition, amounting to $600, was also barred by the statute, depends upon the question of whether at any time between the date of the dismissal of defendant's son and the due date of the second installment of the tuition, plaintiff attempted to invoke his rights under the acceleration clause of the contract. In this regard the law is well settled that acceleration clauses are not self-operative; that being in their nature a penalty and inserted for the benefit of the creditor with the right to declare a forfeiture, he may or may not exercise such right; and he will not be deemed to have done so unless he has taken some affirmative action to that end, such as notifying the debtor by suit or otherwise that on account of the breach he elects to treat the entire indebtedness as due; that waiver may be evidenced by mere passive acquiescence; and that therefore, unless it is shown that the creditor has taken some affirmative action to invoke the benefit of the acceleration clause, the statute begins to run not from the date of the breach of the obligation, but from the date on which the future payment falls due. (*Belloc* v. *Davis*, 38 Cal. 242; *Andrews* v. *Zook*, 125 Cal. App. 19 [13 Pac. (2d) 518]; *Congregational Church Building Soc.* v. *Osborn*, 153 Cal. 197 [94 Pac. 881]; *California Savings & Loan Society* v. *Culver*, 127 Cal. 107 [59 Pac. 292]; *Mason* v. *Luce*, 116 Cal. 232 [48 Pac. 72]; *Richards* v. *Daley*, 116 Cal. 336 [48 Pac. 220]; 16 Cal. Jur. 518.)

In the present case there is a conflict of testimony on this point. Defendant testified that at the time of the dismissal of his son plaintiff demanded payment not only of the balance due on the first half· of the tuition, but also the full amount of the second half of the tuition. However, defendant was unable to produce any letter plaintiff had written to that effect, and plaintiff denied having made any such demand for the payment of the second installment of the tuition. In this regard he testified that the only demand for payment he ever made prior to January 1, 1930, was the letter of December 14, 1929, which as will be observed makes no request for payment of the second installment of tuition, at-

tention being called merely to the fact that it would fall due the following month. Therefore, in view of the foregoing conflict it must be held on this appeal, in accordance with the plaintiff's testimony, that since he made no attempt to accelerate the payment of the second installment of tuition prior to the due date thereof, the action to recover that portion of the indebtedness sued upon was not barred.

Defendant contends that the acceleration rule above mentioned applies only in cases of promissory notes; but he has cited no case so holding, and the decision in the case of *Congregational Church Building Society* v. *Osborn, supra,* would seem to serve as a negative answer to defendant's contention.

Defendant makes the further point that the contract sued upon is void because the application for enrollment (which in this respect is different from the provision in the catalogue) provided that in case of withdrawal or dismissal of the cadet the unpaid portion of the tuition for the entire school year may be recovered "as liquidated damages". The case was evidently tried upon the assumption that the contract was valid, the only contested issue being, as stated, as to the application of the statute of limitations; and plaintiff contends, therefore, and cites cases to the effect, that defendant may not attack the validity of the contract for the first time on appeal.

Assuming, however, that the point is available to defendant, we find no merit therein. It is doubtless the law, as defendant contends, that a contract by which the amount of damages to be paid for a breach of the obligation is determined in anticipation thereof is to that extent void (Civ. Code, sec. 1670), unless from the nature of the case it would be impracticable or extremely difficult to fix the actual damage (Civ. Code, sec. 1671) ; furthermore, the rule is that in actions for breach of the contract wherein liquidated damages are sought to be recovered as compensation for the breach, it is necessary to plead and prove that the contract is one coming within the exception above noted. (*Dyer Bros. Golden West Iron Works* v. *Central Iron Works,* 182 Cal. 588 [189 Pac. 445] ; *Kelly* v. *McDonald,* 98 Cal. App. 121 [276 Pac. 404].) But here the cause of action set forth in the fourth count of the complaint is not one wherein plaintiff is seeking to recover damages, liquidated or actual, for breach of the contract. It is one to enforce the terms of the contract wherein defendant agreed to pay the tuition for the entire school year

regardless of whether his son was dismissed from the academy during the school year. The cause of action thus declared upon is the same, therefore, as those sued upon in the cases of *Hitchcock Military Academy* v. *Myers,* 76 Cal. App. 473 [245 Pac. 219], and *Hoadley* v. *Allen,* 108 Cal. App. 468 [291 Pac. 601], wherein, in quoting approvingly from 35 Cyc. at page 816, it is held: "School rules and provisions contained in a school catalogue advertisement, or application blank become part of the contract for tuition and other school charges, where notice thereof has been given to parents or guardians, or their attention called thereto. A contract for a complete course of instruction or for a specified period of time is entire, and the school proprietor is entitled to recover the whole sum agreed upon or nothing."

It is true as pointed out by defendant, in neither of those cases did the contract refer to the future installments of tuition as liquidated damages. But even though it be conceded, for the purposes of this discussion, that the presence in the application for enrollment of the words "as liquidated damages" rendered the contract in the present case to that extent void, it is of little or no consequence so far as this action is concerned, because as stated the question of damages, liquidated or actual, is not here involved.

In conformity with the views expressed, it is ordered that the judgment appealed from be modified by reducing the amount thereof to $845, such being the amount of the second installment of tuition with interest thereon at seven per cent per annum from January 10, 1930, the due date of such second installment, to November 7, 1935, the date of the entry of judgment; and as so modified the judgment will stand affirmed. Appellant will recover his costs of appeal.

Tyler, P. J., and Cashin, J., concurred.