## AMIS v. AIR CONDITIONING TRAINING CO. OF YOUNGSTOWN, OHIO.

### No. 768.

Municipal Court of Appeals for the District of Columbia.

April 4, 1949.

John D. Fauntleroy, of Washington, D. C., for appellant.

Jack N. Steinberg and Robert F. Young, both of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

In January 1946, appellant Claude J. Amis by written agreement enrolled with appellee Air Conditioning Training Co. for a course of training as air conditioning and refrigeration technician. The course was to include 105 assignments of "home study instruction" and a two weeks post graduate shop training course at the company's shop at Youngstown, Ohio. The company agreed to pay the student's transportation to Youngstown and return, and also the cost of board and room while in that city. The total charge stated in the contract was $224.50 payable in installments. After receiving 26 of the 105 lessons defendant decided to discontinue the course and the company sent him no further lessons. Defendant paid a total of $40 on account of the contract. The company sued for the balance of $184.50 and the trial judge found against defendant for the full amount. He appeals.

■ Appellant contends that the contract being executory, plaintiff school could not recover because it proved no damages. We note, however, that the contract provided: "This enrollment is not subject to cancellation either by the Air Conditioning Training Company or the enrollee." We think it is clear that as to the tuition feature the contract was entire and fixed the rights of the parties and that plaintiff could recover without specific proof of items of

damages, the contract price being the measure of damages.[1]

But we think there is merit in appellant's contention that the trial judge erroneously refused to allow him any credit for the item of transportation to and from Youngstown, or for the two weeks room and board, to both of which items he would have been entitled had he proceeded with the course.

The course of instruction offered by plaintiff and contracted for by defendant was in two plainly divisible parts: one the correspondence portion consisting of lessons to be mailed to defendant and the other the two weeks post graduate shop training course at Youngstown.

It is admitted that the company has spent no money for the item of transportation or for room and board. Nor was there any showing that it had in any way contracted for such expenditures or become obligated therefor. That being so it seems clear to us that there should be deducted from plaintiff's claim the amount it would have expended for such items. To the extent that credit for such items was disallowed we think the judgment below was erroneous because it enhanced plaintiff's recovery beyond its actual loss. We have held that a plaintiff is not entitled to be placed in a better position because of a breach than he would have been had the contract been performed.[2] Such would be the result if the judgment in this case were permitted to stand, because as we have seen, plaintiff would be recovering for room, board and transportation, sums of money which it never spent. These items, as we have said, are clearly severable from the rest of the contract, and the cost thereof easily capable of proof.

We are clear that in any reasonable view of the matter defendant ought not be held liable for these separable items for which the school expended nothing.

If counsel cannot agree on the amount to be credited for the two items involved, the trial court should take testimony to determine it and reduce the judgment accordingly.

Reversed and remanded for further proceedings in accordance with this opinion.

---

[1] International Text-Book Co. v. Martin, 92 Neb. 430, 138 N.W. 582, also at 82 Neb. 403, 117 N.W. 994; Peirce v. Peacock Military College, Tex.Civ.App., 220 S.W. 191; Hitchcock Military Academy v. Myers, 76 Cal.App. 473, 245 P. 219; Van Brink v. Lehman, 199 App.

Div. 784, 192 N.Y.S. 342; 2 Sedgwick, Damages, 9th Ed., § 612.

[2] Fleming v. Twine, D.C.Mun.App., 58 A.2d 498; Clarke v. Cleckley, D.C.Mun. App., 55 A.2d 287. See also Murphy v. O'Donnell, D.C.Mun.App., 63 A.2d 340.