## BERGMAN v. BOULIGNY.

### No. 1093.

Municipal Court of Appeals for the District of Columbia.

Argued July 16, 1951.

Decided July 31, 1951.

Stephen G. Ingham, Washington, D. C., with whom William E. Furey, Washington, D. C., was on the brief, for appellant.

Henry F. Lerch, Washington, D. C., with whom Wilton H. Wallace, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Cynthia Bergman had been a boarding student at Warrenton Country School during the 1947–48 academic term, and commencing in the spring of 1948 arrangements were made for her to resume her course during the following school year. In the course of these arrangements her father, Arthur J. Bergman, who became defendant below, submitted a written application to have her readmitted in the fall. He also made a $50 deposit which was "required to reserve a place in the school." Then on August 30 a letter was written by Mrs. Bergman, wife of defendant and mother of Cynthia, notifying the school that for certain reasons personal to the parents, their daughter would not return to the school.

Claiming breach of contract, the school sued Mr. Bergman for the year's tuition amounting to $1350, less $200 for board, a credit named in the school catalogue. Defendant denied the existence of any contract between him and the school and by a counterclaim demanded the return of his $50 deposit. The case was tried by a jury and resulted in a verdict for plaintiff for $1150. Defendant appeals.

■ His first contention is that he was entitled to a directed verdict and that the trial judge should have ruled as a matter of law that there was no contract between the parties. Our reading of the evidence and exhibits satisfies us that this contention cannot be sustained. We note first that the daughter had already attended the plaintiff school during the preceding year, 1947–48. The evidence showed that on April 21, 1948 the school wrote Mr. Bergman reminding him that they had not yet received his promised application and that they were holding Cynthia's place in the "senior cottage," and requested that he send in signed application. On May 25 Mr. Bergman answered that he had lost the application but was enclosing his check for $50 as "deposit for the school year 1948–49." On May 27 the school wrote to him forwarding receipt for the check and enclosing application form. On May 29 defendant signed and returned completed form of "Application for Admission." The pertinent parts of the application were as follows:

"Payments are made as follows: $50.00 with the application; $750.00 and all extras upon entrance; $600.00 on January 15th.

"The deposit of $50.00 required to reserve a place in the school will be refunded only in case the pupil is not accepted or cannot be placed. All reservations are made for the school year. In case a pupil enters after the beginning of the school year, it is understood that the reservation is made for the remainder of the year.

"I hereby apply for a place in the Warrenton Country School for my daughter for the school year beginning September 1948 and ending June 1949. I have carefully read the above, and in consideration of the reservation of a place for my daughter in the school for the time named, I agree to comply with the terms of the catalogue, and to be bound by the conditions as stated therein, whether the place be occupied or not."

We rule that on the basis of the foregoing writings it would have been error to direct a verdict for defendant. We need not discuss the testimony relating to certain conversations between the parties except to say that they supported plaintiff's claim that there was a contract, or at the least presented a jury question with reference thereto. The writings themselves made out a clear case of contract whereby the plaintiff agreed to reenroll Cynthia as a student, to reserve a place for her and to furnish her schooling, room and board; and defendant in turn bound himself to pay the agreed tuition fees.

■ We deal now with a criticism of the judge's charge to the jury. Though in the early part of the charge the jury was told that they were to determine as a fact whether a contract had been made, this matter was clarified a little later when the judge told them: "You are instructed as a matter of law that the written application signed by the defendant, together with the catalogue for the academic year of 1948 and '49, constituted a contract for tuition and other school charges, if notice of the

contents of the catalogue was given to the defendant or his attention had been called to it." This reference to the school catalogue concerned what was really the only major factual issue in the case. Defendant had denied receiving the current catalogue, but there was testimony from which the jury could have found that the catalogue had actually been sent to him. Moreover, defendant admitted that he had the catalogue for the preceding year which, according to plaintiff, was identical. The catalogue, like defendant's signed application, provided that all places are engaged to the end of the year and that there would be no deductions for dismissal or withdrawal of a student. As we shall see the contents of the catalogue were important principally on the question of the extent of plaintiff's right to recovery.

In that connection the judge told the jury that a contract for a complete course of instruction for a specified period is entire and that a school proprietor who has established a case is entitled to recover the whole sum in accordance with the contract. This is a correct statement of the law. It is generally held that a contract for schooling for a specified term is entire and that when a pupil withdraws for reasons of his own without fault on the part of the school, such school is entitled to the agreed tuition for the entire period. Stewart v. Claudius, 19 Cal.App.2d 349, 65 P.2d 933; Hoadley v. Allen, 108 Cal.App. 468, 291 P. 601; Hitchcock Military Academy v. Myers, 76 Cal. App. 473, 245 P. 219; William v. Stein, 100 Misc. 667, 166 N.Y.S. 836; Vidor v. Peacock, Tex.Civ.App., 145 S.W. 672; Northwestern M. & N. Academy v. Wadleigh, 267 Ill.App. 1; Dwyer v. Cashen, 232 Ill.App. 493. See also Holton v. Cook, 181 Ark. 806, 27 S.W.2d 1017 and annotation thereto, 69 A.L.R. 714.

We adopted this rule in Amis v. Air Conditioning Training Co., D.C.Mun.App., 65 A.2d 213, where we held that the tuition feature of a schooling contract "was entire and fixed the rights of the parties and that plaintiff could recover without specific proof of items of damages, the contract price being the measure of damages."

This brings us to the last question in the case dealing with the matter of credit to be allowed for board. The catalogue provided for a deduction of $25 a month in case of the "protracted illness" of a student. Though illness was not the reason given for the withdrawal of the student in this case, plaintiff entered a voluntary credit of $25 a month for board not used by her. Defendant says this figure is arbitrary but presents no argument in support of the contention. He says merely that the rule we laid down in the Amis case, supra, should have been followed. There the schooling course consisted of two parts: one was the correspondence portion consisting of lessons to be mailed to defendant, and the other a two weeks post-graduate shop training course at the school's shop at Youngstown, Ohio. We ruled that the student was entitled to a credit for transportation to and from Youngstown and also for room and board because these items were clearly severable from the rest of the contract and that defendant should not be held liable for such separable items for which the school had expended nothing. Here the defendant offered no testimony as to the value of board or food and made no showing that he was entitled to a greater deduction than that provided in the catalogue for that item. The only testimony on the point was offered by witnesses for the school who explained that by the use of the school farms and other facilities, they were able to feed pupils at that low figure. This testimony, together with the provisions of the catalogue, of which the jury apparently found that defendant had knowledge, formed a sufficient basis for the $200 credit involved. Thus we cannot approve defendant's contention that the food allowance was arbitrary or that the question was improperly submitted to the jury.

Affirmed.