JOHN C. WINCH, Appellant, *v.* THE MUTUAL BENEFIT ICE COMPANY, Respondent.

In an action for a breach of a contract by the terms of which damages for the breach are liquidated, interest is properly chargeable upon the amount fixed, from the date at which such damages became due and payable. One cannot recover for a breach of a contract who is the cause or occasion of its occurrence.

(Argued June 7, 1881 ; decided October 4, 1881.)

THIS was an action to recover damages for the alleged breach of a contract by which defendant agreed to sell and deliver to plaintiff a certain number of tons of ice per annum, for a period of five years, at prices specified. The contract was similar in its terms to that under consideration in the case of *Kemp* v. *Knickerbocker Ice Co.* (69 N. Y. 45). The breach alleged was a failure to deliver the specified quantity for the year 1874. One defense was that plaintiff failed to take the specified quantity in the preceding year and refused to pay the damages fixed, *i. e.*, one dollar per ton for the deficiency. The referee found, as a fact, that the omission complained of was the fault of the defendant and grew out of their request to be excused from delivery. *Held*, that although such request was not accompanied by any technical or formal release of plaintiff's agreement, it operated as such upon the familiar principle, that one cannot recover for a breach of a contract who is the cause or occasion of its occurrence. Also that the continued performance of the contract at the beginning of the year 1874, by both parties, further indicated an understood waiver of the literal stipulation.

There was this difference between the contracts here and those in question in the *Kemp Case*. In those contracts there was a provision for an apportionment of the amount to be delivered in any year in case defendant " failed to lay up a full supply of ice." The court there *held*, that in getting at the quantity of ice " laid up," within the meaning of the contract, for the purpose of ascertaining what amount plaintiff was entitled to, ice stored in barges was to be included.

In this case the terms of the contract are, that in case of failure of defendant " to lay up in *their ice-houses*," etc. *Held*, that in making the computation the " barge ice " was properly excluded. There was, also, this other difference between the contracts, in the *Kemp Case:* plaintiff was required, by his contracts, to purchase any further supply of ice of defendant, and the court there held plaintiff was entitled to recover back the excess paid by him over the contract price on the quantity not delivered under the contract to which he was entitled, defendant having misrepresented the amount to which he was entitled.

Here there was no provision as to further purchases. Plaintiff did make further purchases after refusal of defendant to deliver more under the contracts. There was no claim of fraud of mistake, and the purchases so made were expressly outside of the contract. *Held*, that plaintiff was not entitled to recover the excess, but only the damages as fixed and liquidated by his contract.

The General Term refused to allow interest on the liquidated damages. *Held* error; that plaintiff was entitled to interest from the close of the year. (*Little* v. *Banks*, 85 N. Y. 258.)

*Samuel Hand* for appellant.

*John A. Mapes* for respondent.

Finch, J., reads for modification of judgment by adding $1,748.22, the item of interest, and as modified affirmed.

All concur.

Judgment accordingly.