Daniels, J., (dissenting.)
The object of the action was to secure the settlement of accounts between Asa Worthington and Henry R. Worthington, his son, and to recover a balance alleged to have been due to Asa Worthington at the time of his decease. To maintain the action the fact is shown that the intestate had been engaged in the business carried on by his son Henry Worthington. But precisely how he was engaged in that business, whether as a partner, or as a person performing services for an interest in the profits, or whose compensation was to be graduated by the profits of the business, was not distinctly made to appear. But it was shown that a statement was made and subscribed by him in one of the books appertaining to the business on the 24th of June, 1861, by which there was stated to be owing to him for his services and attention to the business the sum of $75,000. A balance of another account was also carried to his credit, amounting to the sum of $2,420.21. A further claim was also made in behalf of the plaintiff as administratrix for an additional amount of moneys used in the business of Henry Worthington. The two preceding sums of money were made the "subject of the statement in writing, subscribed by the intestate on the 24th of June, 1861. The book containing this statement appeared sufficiently, from the evidence, to have remained in the possession of Henry R. Worthington, the testator, down to the time of his decease, which took place in December, 1880. And he is shown by the evidence of John W. Carrington, the husband of a daughter of the deceased testator, Asa Worthington, to have indirectly assented to this statement, and conceded the balance claimed by Asa Worthington as the amount due and owing to him out of the business. In the written statement, inserted and contained in the book, certain contingencies of business were mentioned from which the sum of $75,000 might be subject to increase or diminution. But no event appears to have occurred since the time when the statement was made, leading in any manner to a readjustment of this balance, but it continued to be what was apparently due to the intestate for his services and attention in the business, as that was made an adjusted balance in 1861. The other sum of $2,420.21 does not appear to have been subjected to any future change whatever. And these amounts having been settled and adjusted between the parties in this manner, subject to no changes as the events afterwards occurred, would entitle" the intestate to interest upon them under the ordinary legal principles applicable to the allowance of interest on liquidated balances. Little v. Banks, 85 N. Y. 258, 267; Winch v. Ice Co., 86 N. Y. 618. But in an interview which the witness Carrington testified took place in March, after the decease of Asa Worthington, which event occurred in November, 1875, with Henry R. Worthington, it has been stated that the latter informed the witness, and the children of Asa Worthington, who were present at the time, that interest on this balance had been waived by the intestate; that he had made payments upon the amount to the intestate, during his life-time, amounting to the sum of upwards of $62,000, and other payments chargeable against the balance; and in that manner reduced the aggregate sum due to the estate of Asa Worthington to the sum of $5,941.15. A small debt was left unpaid by the intestate, still further reducing the amount of this balance. The parties interested in the estate of the *40 deceased intestate accepted this as a truthful statement of the amount still owing by Henry R. Worthington; and they are proved to have been settled with by him upon the correctness of this basis. And as there were no creditors to interfere, or contest the right and authority of the next of kin to adjust the estate without the intervention of a personal representative for the intestate, this settlement, if it should be maintained, must be final and conclusive between these parties. Babbitt v. Bowen, 32 Vt. 437; Ricks v. Hilliard, 45 Miss. 359; Josey v. Rogers, 13 Ga. 478; Byrd v. Byrd, 44 Ga. 258; Weaver v. Roth, 105 Pa. St. 408.
The referee concluded this settlement to be binding upon the next of kin of the estate, and consequently held that there was no sum of money still due from the estate of Henry R. Worthington which could be recovered by the plaintiff as the administratrix of the estate of Asa Worthington; and in reaching that conclusion he declined to find as a fact that Henry R. Worthington read, or purported to read, to the plaintiff and her sisters, next of kin of Asa Worthington, that there was a waiver of interest in this balance of $75,000. If he had found that Henry R. Worthington, at the time when the statement of the final balance was made and accepted, had represented that there was a waiver of interest by his father on this balance, when in fact no such waiver had ever taken place, then a larger balance would have remained unpaid on the accounts, and that balance would have been very considerable in its amount. The chief point upon which the appeal has been taken is whether the referee was not bound, under the evidence, to find that such a representation had been made to the other next of kin by Henry R. Worthington; and if he had so found the. fact, then, as there was no proof that interest had been waived upon this balance, it would have followed that the final settlement as it took place was secured by a false representation. There was no contradiction of the evidence of Carrington relating to the fact of this statement having been made by Henry R. Worthington. He was not interested in the event of the action, and there was no fact or circumstance tending to subject his statements in the least degree to discredit, beyond his marriage with one of these next of kin. He was corroborated also by the statement contained in the book showing the balances relied upon in support of the action; and his evidence upon this subject, as well as what took place at the meeting of the next of kin of Asa Worthington, has been adopted and followed in other respects by the referee in his decision. It was also as to an important part of the interview sustained by the letter written by him soon afterwards to two of the next of kin, explaining to them the condition of the estate, as that had been represented by Henry R. Worthington, and, from the statement presenting his evidence in the case, he appears to have testified candidly, and without being unduly influenced by his feelings in favor of his wife, or of the other next of kin. There was, too, a probability supporting the truth of the statement made by him that Henry R. Worthington affirmed the fact to be that interest had been waived in the balance of $75,000; for if there had been no such waiver, the next of kin, who were present to ascertain the amount coming to them out of the business as the estate of their father, would naturally have suggested or required that interest should be allowed and computed upon this balance, or so much of it as from time to time remained, after the application of the payments which were made. But there was no such suggestion or claim; all reason for it having been removed apparently by the statement that the interest in fact had been waived by the intestate. The evidence of this witness, given and supported as it was in this manner, and not being in conflict with any other evidence in the case, was conclusive upon the referee, and should have been followed by him. Lomer v. Meeker, 25 N. Y. 361; White v. Stillman, Id. 541.
In giving his evidence that there was a waiver of interest on this sum of money, the witness Carrington was evidently impressed with the conviction that it had been read by Henry R. Worthington as a part of the statement *41 •contained in the book produced upon the trial. This statement was very minutely, as well as elaborately, made by the intestate; and, if there had been a design on his part to waive interest on the balance, it is only reasonable to suppose that the expression of that design would have found its way into this statement. It contained all the facts and all the figures essential for the support of the intestate’s claim that this balance was owing to him, and it was passed by him to his credit; and that it was. designed to be a complete and final statement of the settlement of his affairs is further evident from the fact that it was made in contemplation of his decease at no remote period of time; for, by the statement which was made by him, the direction was given to divide his estate equally between his five children after his decease. But this statement, minute and extended as it was, contains no intimation whatever that it was any part of the design or understanding of either of these persons that interest should not be claimed on this balance, which was left by the intestate as so much capital to be employed and remain in the business of his son, the deceased testator. That there was á waiver of interest there is not the slightest reason for believing. Neither was there any proof, beyond the assertion of Henry R. Worthington at the meeting of the next of kin, that the interest had in fact been waived; and, under the evidence, he appears to have misrepresented this fact to the next of kin, and in that way induced them to accept their respective shares of this balance of $5,941.15, when a very much larger sum of money was in his hands, as the result of the settlement of 1861, to be divided between himself and the other children of the intestate. They had no reason to doubt the correctness at the time of the statement made by him concerning this waiver of interest. And they were deceived by the statement he made concerning this fact to them; and that may entitle the plaintiff, as the personal representative of the estate, to disregard the settlement, and to claim the balance appearing to be unpaid upon the account by a fair and legal computation of interest. Carr v. Thompson, 87 N. Y. 160. The right of the plaintiff to maintain the action is not defeated by anything that was decided in the case of Gould v. Bank, 99 N. Y. 333,2 N. E. Rep. 16; for the settlement there included no more than a disputed claim, while here, if no intervening misrepresentations had been made, no dispute whatever could have arisen as to the extent of the indebtedness, for the balance, for which the testator would have been liable would have appeared by a simple computation; and the payment of a less sum, which the next of kin were induced to receive by the false representations, would not extinguish the obligation to pay that balance. Whether such a recovery may be had without affirmatively alleging the facts in the complaint entitling the plaintiff to disregard the final settlement or not, is not an inquiry now requiring to be made, for the evidence upon this subject was received by the referee, and acted upon by him without objection. And whether he was right or not in his conclusions must be determined from the evidence which was given and accepted in this manner during the progress of the trial. The settlement and payment of the balance were interposed as a defense by the defendants, and possibly this defense might regularly be avoided by proof of the fraud under section 522 of the Code of Civil Procedure; but whether it may be or not is not a point required to be now decided. The same answer may be given to the defense of the statute of limitations. It may upon another trial be satisfactorily avoided, as it was upon the trial which has already taken place; or the fact, if that will have any tendency to answer the defense of the statute of limitations of the fraudulent statement concerning the waiver of interest, may be shown not to have been discovered within such a period of time as to prevent the plaintiff from maintaining the action under the authority of subd. 5, § 382, Code Civil Proc. For the present purposes of the litigation it is .sufficient to say, as the case has now been presented, the referee fell into an error in refusing to find, as he must have done to reach the conclusion he was controlled by, that the *42 testator, Henry B. Worthington, did falsely represent, in the final interview between himself and the other next of kin, that the intestate had waived the right to interest upon this balance of $<5,000; and for that error the judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.