CITIZENS' NAT. BANK OF CITY OF YONKERS v. LILIENTHAL.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. MOTION TO DIRECT VERDICT—CONCLUSIVENESS OF FINDING.
    Where both parties move for the direction of a verdict, and defendant does not thereafter ask to go to the jury, he is concluded by the findings of the court.

2. NOTE—CONSIDERATION.
    Where a note held by a bank is renewed, and the original note is not given to the maker, but credit is given to him on the books of the bank for the amount thereof, and the note is placed among the maker's vouchers in the bank safe, and the maker makes no demand for the note or his vouchers, it is insufficient to support a claim that, by failing to surrender it to the maker, there was no consideration for the renewal note.

3. ACCOMMODATION INDORSER.
    Under Laws 1897, c. 612, § 55, an accommodation indorser is liable on a note to the holder for value, although the character of the indorsement was known to the holder.

4. COSTS—EXTRA ALLOWANCE.
    An extra allowance in an action on a note, where the case was neither difficult nor extraordinary, is erroneous.

Appeal from city court of Yonkers.

Action by the Citizens' National Bank of the City of Yonkers against Marie E. Lilienthal. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Wyman Jessup (David Bennett King, on the brief), for appellant.

Ralph Earl Prime, Jr., for respondent.

PER CURIAM. This action was brought to recover upon a contract of indorsement of a promissory note. It was established upon the trial that the defendant was an accommodation indorser of the note in question; and her defense is that the plaintiff is not a bona fide holder of the note, for the reason that it did not at the time of receiving the same, or at any time thereafter, surrender any value or part with any consideration therefor. At the close of the testimony both parties moved for the direction of a verdict; and, as the defendant did not thereafter ask to go to the jury upon any question in the case, she is concluded by the finding of the court, and the judgment is to be supported, if there be evidence sufficient for that purpose. Provost v. McEncroe, 102 N. Y. 650, 5 N. E. 795.

It appears that the note in question was given in renewal of a note executed by one Morrell, and payable to the order of himself.

This note was held by the plaintiff, and it continued thereafter to hold it, and its attorney was in possession of the same at the time of the trial. It was never delivered to Morrell or the defendant; and the latter now asserts that, by failing to surrender it to the maker or to the indorser, it could have enforced it at any time, in consequence of which there was no value parted with as a consideration for the indorsement. There would be force in this claim, were it not for other controlling facts. The proof was, and the court was consequently authorized to find, that when the note was received the plaintiff gave credit to Morrell upon its books for the amount thereof, and placed the note falling due among Morrell's vouchers in the bank's safe, where it thereafter continued to remain. Morrell made no demand for the note or for his other vouchers, if any, from the plaintiff. It is a well-established custom of banking business for the bank to retain possession of the vouchers of its customers until surrendered up when a statement of the account is made. When the vouchers remain in the custody of the bank, they so remain subject to the demand of the customer, and are his property. While it does not appear that Morrell had a general account with the plaintiff, yet it does appear that this transaction was entered in the books, and the paid note held as a voucher for Morrell. The plaintiff did not then hold this note by virtue of any property right which it possessed therein, but it became by the transaction a mere custodian for Morrell. It could not, therefore, have brought action upon it, even though it at all times retained possession thereof. The possession of it by the attorney at the time of the trial did not change its title, and it was probably thought necessary to have it present, as possible proof of it might be required. The court was therefore authorized to find that the plaintiff surrendered all of its right in the note, and received the note indorsed by the defendant in place thereof. This constituted the plaintiff a holder for value, within the negotiable instruments law (Laws 1897, c. 612). By virtue of section 51 of this law, value is defined to consist in any consideration sufficient to support a simple contract, and an antecedent or pre-existing debt is such value. By section 55 an accommodation indorser is liable upon a note to the holder for value, although the character of the indorsement be known to the holder. Under the facts of this case, as found by the court, liability attached, under well-settled principles of law, long established. Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416; Bank v. Penfield, 69 N. Y. 502. The statement that the note was given to satisfy the bank examiners, and that the defendant would not be required to pay it, cannot avail against the proof to which we have already called attention, and was not controlling upon the court. The judgment rendered was therefore proper. But we can find no basis for the extra allowance. The case was neither difficult nor extraordinary, and nothing which appeared called for its assessment. It should therefore be stricken out, and the judgment affirmed, but without costs, as an appeal was necessary to correct the erroneous allowance.