### CRIMMINS v. CARLYLE REALTY CO.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

NOVATION (§ 7*)—SUBSTITUTION OF NEW CONTRACT—ASSENT.

The owner of real estate contracted for its sale for a specified amount, a certain portion of the purchase price to be paid on the execution and delivery of the agreement, another on the delivery of the deed, the balance payable in three years, with interest at 5 per cent. for the first year and 6 per cent. for the balance of the term, to be secured by a purchase-money mortgage. The purchaser paid the agreed sum at the execution of the contract, and on the passing of the deed paid the vendor an amount much greater than the contract required to be paid at that time, and gave the mortgage for the balance. *Held*, that the receipt by the vendor at the delivery of the deed of an amount in excess of the amount agreed upon and the acceptance of a mortgage for the balance constituted a novation, and that the vendor was not entitled to interest under the terms of the first contract on the excess of the amount received at the delivery of the deed over the amount agreed upon.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 7; Dec. Dig. § 7.*]

Appeal from Special Term, New York County.

Action by John D. Crimmins against the Carlyle Realty Company. A motion by defendant for judgment on the pleadings was denied, and defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Lewis M. Isaacs, for appellant.
William F. Clare, for respondent.

McLAUGHLIN, J. This action is in equity to establish a vendor's lien upon real estate for unpaid purchase money. The complaint alleges that the plaintiff, being the owner of certain real estate situate in the city of New York, agreed on the 19th of August, 1908, to sell it to the appellant, which agreed to purchase the same for $480,-000. The agreement was in writing, copy of which is annexed to and made a part of the complaint, and it appears therefrom that $20,-000 was to be paid upon its execution and delivery, $31,000 on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

delivery of the deed, and the balance, $429,000, by the realty company executing and delivering a bond and mortgage for that amount; payable in three years, with interest at the rate of 5 per cent. per annum for the first year and 6 per cent. for the balance of the term; that the deed was to be delivered at the option of the realty company on or before the 19th day of November, 1908, upon five days' notice, and that interest on the mortgage at 5 per cent. should run from October 1, 1908, but that the date of change of rate thereon and the due date thereof should be November 1, 1909, and November 1, 1911, respectively; that $20,000 was paid at the execution of the contract, and at the suggestion of the realty company the 19th of November, 1908, was the date fixed for closing the transaction; that on the 19th of November, 1908, title passed, and the realty company then paid to the plaintiff in cash the $31,000 called for by the contract, and, in addition, $173,333.33, and gave a purchase-money mortgage for $255,667.67, the balance of the purchase price; that the plaintiff is entitled to interest upon the excess payment of cash—$173,-333.33—from the 1st day of October, 1908, to the 19th of November following, at the rate of 5 per cent. per annum, amounting to $1,179.55, payment of which was demanded and refused; that judgment is asked for that sum, with interest, and that the same be declared an equitable lien upon the premises conveyed. The answer denied that there was anything due the plaintiff, and alleged that after the making of the contract referred to in the complaint, and on or about the 19th of November, 1908, the appellant paid to the plaintiff, and the plaintiff accepted and received from it, in full satisfaction and discharge of the contract provisions and of plaintiff's claim herein, cash in an amount greatly in excess of that called for by the terms of said contract in lieu of and as a substitute for a purchase-money mortgage for the amount of such excess. After issue had been joined, the appellant moved, under section 547 of the Code of Civil Procedure, added by Laws 1908, p. 462, c. 166, for judgment on the pleadings. The motion was denied, and the appeal is from that order.

I am of the opinion that the complaint fails to state a cause of action, and for that reason the motion for judgment should have been granted. At the time of the delivery of the deed the original agreement was modified by consent of the parties. Instead of the receipt by the plaintiff of $51,000 in cash and a purchase money mortgage for $429,000, as called for by the original contract, he received $224,333.33 in cash and a purchase-money mortgage for $255,667.67. The sum total of cash and mortgages remained the same in each case, viz., $480,000—the purchase price—but the result to the plaintiff was the immediate payment to him in cash of $173,333.33 in place of the vendee's obligation to pay that amount in three years, secured by a purchase-money mortgage. This substitution of a new term in the contract made it in effect a new contract. It constituted a novation; the new contract taking the place of the old. Bandman v. Finn, 185 N. Y. 508, 78 N. E. 175, 12 L. R. A. (N. S.) 1134; McIntosh v. Miner, 37 App. Div. 483, 55 N. Y. Supp. 1074. The learned Justice at Special Term denied the motion, as appears from his opinion, upon the authority of Bach v. Kidansky, 186 N. Y. 368, 78 N. E.

1088. That case is clearly distinguishable from this. There the vendees contracted to pay $101,000, the terms of payment being $1,-500 at the time of executing the contract, $6,500 in cash on delivery of the deed, and $93,000 by taking the premises subject to four mortgages aggregating that amount. Before the time for closing title, the vendors were compelled to pay $1,000 on account of one of the four mortgages in order to obtain the discharge of a collateral mortgage, thus reducing the face of that mortgage by $1,000, and reducing to $92,000 the total amount of the four mortgages subject to which the premises were to be sold. Upon the refusal of the vendees to pay the $1,000 thus expended, the vendors brought suit to declare a lien for that amount upon the premises. It was held that they were entitled to judgment, obviously because the vendees had not paid within $1,000 what they had agreed to pay: The aggregate amount of the four mortgages having been reduced by $1,000, they had obtained a conveyance of the property for that much less than the contract price. Here the plaintiff has received the full contract price. He accepted the excess payment in cash in place of a mortage, and I am unable to see any legal basis for a claim to interest on this excess from the date of the contract to the time the payment was made.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs. All concur.