BEN BELLCLAIR, Plaintiff, *v.* WIRTH & HAMID, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, March 27, 1929.

*Abraham L. Popper*, for the plaintiff.

*David Steinhardt [L. E. Schlechter* of counsel], for the defendant.

SULZBERGER, J.   On January 4, 1928, plaintiff and defendant entered into an agreement in writing whereby defendant engaged the plaintiff (a theatrical performer) for a period of five weeks, to be played within a period of six weeks, commencing on or about the middle of August, 1928.   Plaintiff admitted that this contract merely provided for a minimum number of weeks; that it would not be acceptable to him, if defendant did not give him nine or ten weeks during the year; and that that was the understanding of both parties.   On June 21, 1928, plaintiff wrote to defendant giving him the following tentative schedule:

"Aug. 13 — Middletown, N. Y.
20 — Ottawa, Ont., Canada.
27 — Open (will fill).
"Sept. 3 — Presque Isle, Maine.
10 — Ste. Stephen, N. B.
17 — Open.
24 — Open.
"Oct. 1 — Danbury, Conn. (special salary, will talk this over).
8 — Stafford Springs, Conn. (special salary, will talk this over)."

The plaintiff wrote his signature under the word "Accepted" and returned the original schedule to defendant, retaining a copy for himself. It is undisputed that the only weeks which were not filled are those of August twenty-seventh (third week) and September seventeenth (sixth week). Thus it appears that plaintiff was given seven weeks of employment out of nine, instead of five out of six weeks. Relying on the contract as originally written, plaintiff sues for one week's salary, on the theory that, taking the first six weeks as a unit, defendant gave him only four weeks' employment instead of five. The undisputed facts compel the inference of mutual assent to substitute the subsequent schedule for the booking mentioned in the earlier executory contract, and, as so modified, becomes the only agreement of the parties on the subject. (Cf. Williston Cont. §§ 1826, 1865.)

Under the subsequent schedule, plaintiff was given longer employment than was provided for in the former schedule. It seems to me that its acceptance by plaintiff, and performance by both parties in accordance therewith, operated as an extinguishment of the earlier schedule (Cf. *Witbeck* v. *Waine*, 16 N. Y. 532; *Morehouse* v. *Second Nat. Bank of Oswego*, 98 id. 503; *Moers* v. *Moers*, 229 id. 294; *National Cash Register Co.* v. *Remington Arms Co.*, 242 id. 99, 105; *Crimmins* v. *Carlyle Realty Co.*, 132 App. Div. 664; *Silverman* v. *Talianoff*, [Sup.] 172 N. Y. Supp. 425), or constituted a waiver of its literal performance. (*Winch* v. *Mutual Benefit Ice Co.*, 86 N. Y. 618; *Studer* v. *Bleistein*, 48 Hun, 577.) Plaintiff had the option to regard the schedule submitted by defendant in June, 1928, as a breach of contract, or to accept it in substitution of the earlier schedule. He could not, in justice, avail himself of both alternatives. He could not allow the contract to remain in force as modified by the new schedule, take the benefit of the extended period of employment, and still retain the right of action which he claims. (*Anheuser-Busch Ice & Cold Storage Co.* v. *Reynolds*, 221 App. Div. 174.)

The parol evidence rule does not exclude the circumstances out of which a written agreement grew, or which attended its adoption. (*Atterbury* v. *Bank of Washington Heights of City of New York*, 241 N. Y. 231, 237.) By the plaintiff's admissions on this score, and by the subsequent conduct of the parties, their contractual relations were given a practical construction which is controlling. (*Brooklyn L. Ins. Co.* v. *Dutcher*, 95 U. S. 269, 273; 24 L. Ed. 410; *Nicoll* v. *Sands*, 131 N. Y. 19, 24.)

Reluctantly, I submitted this case to the jury. On reconsideration, I am of the opinion that there is no question of fact present, and that the case must be disposed of as one presenting a question of law only. (*Dudley* v. *Perkins*, 235 N. Y. 448, 453, 457; *Clayburgh* v. *Clayburgh*, 218 App. Div. 411, 414.) Without objection, I reserved decision on defendant's motion to dismiss after both sides rested. The prevailing policy, with which I am thoroughly in accord, is to disregard technical errors which are not prejudicial. An adjustment of the rights of the parties by a minimum of futile litigation requires me to disregard the distinction, frequently overlooked in practice, between a motion to dismiss, and a motion for a directed verdict. (Cf. *Dougherty* v. *Salt*, 227 N. Y. 200; *Caruso* v. *Metropolitan Five to Fifty Cent Store*, 214 App. Div. 328; Civ. Prac. Act, §§ 459, 585.)

Verdict set aside and complaint dismissed.