Patrick J. Picariello, J.
In this action brought by plaintiff to recover damages for defendant’s breach of agreement, the parties agreed to waive the jury and to submit to the court for *916 its determination on a stipulated statement of fact both the legal and factual issues created by the pleadings as to the enforcibility of a pertinent excerpt of the agreement.
The provisions of said agreement applicable to this litigation are as follows :
1. Plaintiff hereby sells and assigns all of his shares of stock to the individual defendants in equal amounts.
2. Plaintiff hereby resigns, effective immediately, as Director and Vice President of Corporate Defendant, and agrees to execute any and all papers to effect this resolution.
3. The individual defendants agree to jointly and severally pay to plaintiff the sum of $1,000.00 over a period of one year, payable in equal monthly installments of $83.34, the first of which to be paid on the signing of this agreement, and a like sum on the 25th day of each and every consecutive month thereafter until the full sum of $1,000.00 shall have been paid. The individual defendants will cause the corporation to guarantee the payment of this sum.
4. In addition to the foregoing, and for special services rendered by plaintiff to the corporation, the individual defendants will cause the corporate defendant to pay to plaintiff, in addition to the foregoing amount of $1,000.00, one (1%) per cent of the gross monthly income of the corporation from August 25, 1961, for a period of one year; the said 1% of the gross income shall be paid in installments commencing on September 25th, 1961 and continuing on the 25th day of each and every month thereafter for a period of one year to be calculated from August 25th, 1961.
5. In addition to the foregoing, the Corporate Defendant shall pay to plaintiff the sum of $714.75 representing $664.75 back pay and $50.00 for petty cash advanced by plaintiff for the corporation. This total amount shall be paid at the rate of $25.00 per week, commencing September 25th, 1961, and continuing weekly thereafter every week until the entire amount shall have been paid. The individual defendants guarantee the payment of this sum individually and severally.
7. In the event that the individual defendants and the corporation fail to comply with all of the provisions of this agreement and such failure and default shall continue for a period of fifteen days, then, and in that event, plaintiff has the right to demand the entire unpaid balance and receive immediate payment, in addition to any other rights or remedies that plaintiff might have for an accounting, appointment of a receiver, or other right.
Concededly, plaintiff has complied with all provisions of the agreement and all of the payments provided for in paragraphs “ 3 ” and “ 5 ” of the agreement have been made by the defendants and received by the plaintiff.
Upon the defendants’ failure and refusal to make the payments specified in paragraph “4” of the agreement, plaintiff instituted the within action to recover therefor. It was further stipulated by the parties that the gross sales of the corporate defendant for the designated period amount to $241,543.69, so that if the issues are resolved in favor of plaintiff, judgment is to be rendered against all the defendants for $2,415.44.
*917 Defendants, in their amended answer, interposed (1) a general denial; (2) counterclaim for damages for breach of contract by plaintiff; (3) action is prematurely brought; (4) lack of consideration as to defendant Miracle Plastic Manufacturing Co. Inc., for the contract sued upon, and (5) ultra vires as to the defendant Miracle Plastic Manufacturing Co. Inc.
For the purpose of this submission, defendants withdrew allegation (2) in their answer and further amended their answer to include an additional defense of lack of consideration as to the individual defendants.
Both parties were examined before trial and for the purpose of this submission it was stipulated that the court consider the testimony elicited thereat the testimony of the parties as if adduced in open court if they had been called upon to testify.
The issue in this case is limited to the enforcibility of any liability to the plaintiff for the 1% of gross sales specified in paragraph “ 4 ” of the agreement.
Allegation (3) contained in the amended answer is dismissed as insufficient in view of paragraph “ 7 ” of the agreement which enables plaintiff to institute this action upon defendants’ default and failure to comply with all the provisions of the agreement, there admittedly having been a default and failure to pay the 1% on gross sales for more than 15 days prior to April 11, 1962, the date process was served, said payment having become due and payable on September 25,1961.
Allegation (5) contained in the amended answer is also dismissed. This contract and its provisions, although made without resolution at a formal meeting of the board of directors, was approved and authorized by all the members, officers and stockholders individually, and may in no sense be considered to have been ultra vires. (See Bayer v. Beran, 49 N. Y. S. 2d 2, 11.) Moreover, the individual defendants’ acceptance and retention of plaintiff’s stock certificates under the circumstances of this case with knowledge of the agreement, was as complete a ratification as would have resulted from any normal all-inclusive resolution. (See Young v. United States Mtge. & Trust Co., 214 N. Y. 279, 285; Bussing v. Lowell Film Prods., 233 App. Div. 493, 494, affd. 259 N. Y. 593.)
The court shall now consider allegation (4) contained in the amended answer reciting lack of consideration as to the corporate defendant for the contract sued upon.
Corporate defendant’s contention assumes no obligation on its part under its consent to the agreement at the time the stock certificates were assigned to the individual defendants. Nevertheless there is sufficient consideration, therefor in the change *918 of plaintiff’s position occasioned by the assignment of his stock certificate to the individual defendants and the acceptance thereof by the said individual defendants. In other words, to have an adequate consideration for the promise, the benefit need not inure to the corporate defendant, and the discharge of the individual defendants from liability is sufficient consideration for the promise of the corporate defendant. (See Hayes v. Mestaniz, 9 Misc. 705, affd. 150 N. Y. 561; Rector v. Teed, 120 N. Y. 583; Citizens Nat. Bank v. Lilienthal, 40 App. Div. 609; Bacon v. Montauk Brewing Co., 130 App. Div. 737. See, also, County Trust Co. of N. Y. v. Mara, 242 App. Div. 206, affd. 266 N. Y. 540.) And with reference to the application of this principle, see Wigmore, Evidence ([2d ed.], § 2406). Sufficient consideration is shown for the consent since plaintiff has established that mutual promises were exchanged, promises fulfilled and plaintiff was induced to assign his stock in reliance thereon. The case of Benet v. Berkey (57 N. Y. S. 2d. 329) cited by defendants is clearly distinguishable since in that case neither party gave up any rights or incurred any liability based upon the mere bare promise of the other and hence there was no consideration moving between the parties sufficient to create an enforcible contract. Such is not the case here.
The other cases cited by the defendants are concerned with the admissibility of oral testimony to show lack of consideration for the agreement and will be discussed together with the individual defendants’ allegation to the same effect as contained in the submission stipulation. Defendants predicate this defense upon plaintiff’s testimony elicited on his examination before trial with reference to the rendition of “ special services ”.
There is no question but that want of consideration upon an unperformed condition may be shown by parol, not to contradict or vary, but to destroy a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be is not and never was a contract. (See Title Guar. & Trust Co. v. Pam, 232 N. Y. 441; Thomas v. Scutt, 127 N. Y. 133.) And it is fundamental that fraud, illegality, want of consideration, delivery upon an unperformed condition and the like may be shown by parol, again not to contradict or vary, but to destroy a written agreement. In other words, when oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written contract.
*919 ■However, the more immediate and momentous question is whether or not this allegation of lack of consideration which is addressed to but one phase of the agreement, to wit, paragraph “ á ”, may properly be interposed under the circumstances of this case. The answer to that question revolves upon whether or not the agreement is severable or entire. In other words, is the agreement severable to permit the interposition of such a defense in this case?
No formula has been devised which furnishes a test for determining in all cases what agreements are severable and what are entire. The primary criterion for determining the question is the intention of the parties, as determined by the fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question. (Pierson v. Crooks, 115 N. Y. 539; Matter of Rogers v. Graves, 254 App. Div. 467, revd. on other grounds 279 N. Y. 375; 12 Am. Jur., Contracts, p. 870.)
Thus whether a contract is entire or severable is frequently one of fact. (Ming v. Corbin, 142 N. Y. 334; Tipton v. Feitner, 20 N. Y. 423.)
If the terms are not in dispute, however, only a matter of law is involved in determing whether it is divisible or indivisible. (Anheuser-Busch Ice & Cold Stor. Co. v. Reynolds, 221 App. Div. 174.)
The court finds in this case that the provisions of the contract in question are interdependent and give the whole agreement the character of oneness, and in accord with the purpose and intent of the parties, no separation of its different parts can be tolerated. Since the entire fulfillment of the contract was contemplated by the parties at the time of its execution, as the basis of their arrangement, it shall be treated as, and is, an entire and individual agreement. (See Matter of Rogers v. Graves, supra.) This defense, therefore, as alleged and addressed to a portion of the agreement may not be interposed in this case. Stated in another way, where there is but one promise by one party to the contract and two or more promises by the other party, it is an entire indivisible contract.
Moreover, since there was neither neglect, refusal and failure of the plaintiff to do, perform, or furnish, after making and entering into the agreement, and the consideration in substance and in fact having been agreed upon as existing at the time the agreement was executed, the defense of lack of consideration is insufficient as a matter of law. Presence or absence of consideration is material only as going to the enforcibility of a purported *920 agreement. Once the agreement has been executed, lack of consideration is beside the point and cannot be availed of to upset what has already transpired. (Young Foundation Corp. v. Ottaviano, 29 Misc 2d 302, affd. 15 A D 2d 517.)
A different result might have obtained had the defendants sought a rescission of the agreement on the grounds of lack of consideration, fraud, mistake occasioned by misrepresentation and the like.
In view of the foregoing, defendants’ defenses are dismissed on the law and on the facts.
Judgment for plaintiff against the defendants for $2,415.44, with interest from August 25, 1962, and costs. Five days’ stay.