LOUIS VAN BRINK, Appellant, v. EUGENE H. LEHMAN, Doing Business under the Name of "HIGHLAND MANOR," Respondent.

Second Department, February 3, 1922.

**Schools — tuition — contract that tuition is due on opening of school in fall with privilege of paying in two installments is one indivisible contract.**

A contract entered into by the plaintiff with the defendant for the enrollment of plaintiff's daughter in defendant's school, which provided that the tuition fees for the year were due upon the opening day of the school but that, if desired, payment might be made in two equal installments, one at the beginning of each semester, and that no deductions would be allowed for withdrawals, is an entire and indivisible contract, and the plaintiff is not entitled to recover tuition money paid where he withdrew his daughter from the school shortly after she entered, through no fault on the part of the defendant, and furthermore, the defendant is entitled to recover from the plaintiff the balance of the tuition money which the plaintiff had not paid.

APPEAL by the plaintiff, Louis Van Brink, from a judgment of the County Court of the county of Westchester in favor of the defendant, entered in the office of the clerk of said county on the 17th day of June, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of July, 1921, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Alexander Rose* [*Charles Goldzier* with him on the brief], for the appellant.

*Bertha Rembaugh,* for the respondent.

KELBY, J.:

The plaintiff entered his daughter, aged twelve, in the defendant's school, known as Highland Manor and described as a country day and boarding school for girls. The school was situated at Tarrytown-on-the-Hudson, and had formerly been known as the Knox School. Plaintiff signed an application blank for his daughter's admission to the school, on a form

furnished by defendant, and on the 26th day of August, 1920, paid a deposit of $75 on account of tuition and expenses. Thereafter, on or about October twelfth, plaintiff paid an additional sum of $825 to the defendant. On or about October 27, 1920, the plaintiff withdrew his daughter from school. The grounds of that withdrawal were that the defendant's daughter was not happy in her surroundings; that the plaintiff was not satisfied with the school; that defendant had failed to provide proper accommodations for his daughter; that defendant had agreed that if the pupil was not happy and the plaintiff not satisfied the defendant did not want the plaintiff's daughter in the school and did not want plaintiff's money. The plaintiff made a demand upon the defendant for the return of the money paid.

The defendant in his answer denied the contract as set up by the plaintiff, and denied any breach of any contract and counterclaimed in the sum of $819.25, the defendant's contention being that the contract between the parties was an entire one and that the total contract price for the whole scholastic year was $1,719.25, and that plaintiff had paid on account thereof the sum of $900, leaving $819.25, the amount demanded in the counterclaim.

The contract between the parties is embraced in the application blank and in a printed booklet issued by the school, both of which were offered in evidence. The booklet is not printed in full in the record, but by stipulation of the parties either side has the right to read any part of it in evidence. and the material part was read by the trial judge in his charge. The material parts of the contract read as follows:

" I hereby request you to enroll my daughter in Highland Manor for the school year 1921–1922, and I agree to pay the regulation tuition fee for her grade and abide by the regulations set forth in the booklet.

" Name of daughter — Jeanette Van Brink.

" School last attended — Public School   *   *   *

" Grade completed — promoted into   8–A.   Month, date, year, of birth — Apr. 20–1908."

In the booklet appears the following:

" Tuition fees for the year are due upon the opening day of

school. If desired, however, payment may be made in two equal installments, one at the beginning of each semester. The deposit fee of $75 is credited on the bill for the second semester only. No pupil will be permitted to continue in attendance whose fees for the first semester are unpaid by October 15, or for the second semester by February 15th. Deductions are not allowed for absence or withdrawals, and no deductions are made for two or more pupils coming from the same family. A proportionate allowance is made for pupils who enter school after November 1st."

There is nothing in the case that requires a disturbance of the finding of the jury on the controverted questions of fact. There remains only the questions of law in the case. Clearly, the contract sued upon was an entire contract. By its very terms the tuition was due in advance for the entire year, but payment thereof could be made in two equal installments at the beginning of each semester, and it was expressly provided that no deductions were allowed for absence or withdrawals.

Cases of this kind have been rather infrequently before the courts of this State. In the case of *William* v. *Stein* (100 Misc. Rep. 677) the contract had practically the same provisions as to withdrawals as are present in this case. The pupil there was withdrawn in January and the school brought suit. On the trial in the Municipal Court the school's complaint was dismissed, the trial judge holding that the plaintiff had failed to prove damages, holding that the measure of damages was the difference between the contract price and the cost. The Appellate Term in the First Department in reversing said: " The contract is entire and indivisible, and plaintiff having fully performed, or offered to perform, is entitled to recover the full amount due thereunder," citing *Kabus* v. *Seftner* (34 Misc. Rep. 538) and *Starr* v. *Liftchild* (40 Barb. 541). There are many cases to the same effect in the courts of other States. In the case of *Teeter* v. *Horner Military School* (165 N. C. 564; 51 L. R. A. [N. S.] 975) it was held that "A private school the catalogue of which makes the tuition payable in advance, and provides that pupils may be expelled for breach of discipline, may, upon expelling a pupil for breach of reasonable regulations, not only retain the tuition actually paid, but compel payment of the portion due and not paid when the

expulsion occurred," the court in the course of its opinion saying: " It is apparent, upon the evidence, that plaintiff [the father of the pupil] was to pay the full amount in advance, and if he had paid it, as his contract required him to do, the defendant could have retained it." The cases reviewed in the annotation to this case uphold the same doctrine. (See *Manson* v. *Culver Military Academy*, 141 Ill. App. 250; *Fessman* v. *Seeley*, 30 S. W. Rep. [Tex. Civ. App.] 268; *Curry* v. *Lasell Seminary Co.*, 168 Mass. 7.) There is also cited an old English case, *Collins* v. *Price* (5 Bing. 132); *International Text-book Co.* v. *Martin* (92 Neb. 430) and *Horner School* v. *Wescott* (124 N. C. 518).

The instant case was submitted to the jury in a very clear charge by the learned trial judge, in which it was stated that the contract contained in the application blank and the catalogue was an entire one. It was further made clear to the jury that there were but two possible verdicts to be rendered, viz., (1) for the plaintiff in the sum he had paid defendant, in the event the jury found for the plaintiff; or (2) judgment for the defendant on his counterclaim for the amount due and unpaid under the entire contract. To this charge there was no exception taken by plaintiff, nor was any request to charge made by plaintiff suggesting any different rule of law. The charge was correct and the judgment and order are affirmed, with costs.

Present — BLACKMAR, P. J., RICH, KELLY, KELBY and YOUNG, JJ.

Judgment and order of the County Court of Westchester county unanimously affirmed, with costs.