ANDREW I. GREEN, Respondent, *v.* HUMPHREY O. RELLA, Appellant.

First Department, March 1, 1929.

*Joseph L. Greenberg*, for the appellant.

*William Lyman*, for the respondent.

PER CURIAM. The plaintiff recovered a judgment in a mechanic's lien action for the full amount of the contract price less payments made on account, and for extra work, on the theory of complete performance. He testified that he had completely performed the contract but on cross-examination finally stated that he had omitted several small items because the defendant failed to promptly pay each installment when due.

The evidence offered by the defendant established the fact that in several instances the work performed and materials furnished did not comply with the terms of the contract. This was shown

by a contractor who was employed to finish the contract and replace the defective work and materials. He testified in detail to the items installed by him. He replaced one bath tub, and after he removed the tiling in the bathroom he then removed the pipes leading to the shower bath and replaced same with larger pipes; replaced the defectively installed sewer pipes and covered the boiler and heating pipes in the cellar with asbestos. There were several other small items of work which plaintiff failed to install and several items installed by the plaintiff that did not comply with the terms of the contract. If the plaintiff refused to perform a substantial part of the work upon the ground that the defendant had failed to make payments when due, he could not thereafter recover for complete performance. If he substantially performed the contract he would be entitled to recover.

It appears, however, that there was neither complete nor substantial performance of the contract, and that the defendant was compelled at an expense of over $500 to replace work and materials which the plaintiff either failed to install or which was installed in such an unworkmanlike manner that it was necessary to replace the same.

The finding of fact, therefore, that the plaintiff fully completed the contract is not sustained by the evidence. It is necessary, therefore, to reverse this judgment and order a new trial, with costs to the appellant to abide the event.

Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.