EDITH W. CRAWFORD, Plaintiff, *v.* ROBERT L. BREWER, JR., Defendant.

Supreme Court, Special Term, New York County, November 17, 1936.

*Adler & Colson,* for the plaintiff.

*John F. Foley, Jr.,* for the defendant.

McLAUGHLIN (CHARLES B.), J.  The defendant became a student of correspondence school of plaintiff's assignor  He failed to make payment required by his contract and has been sued to recover balance of $207 due on his written contract.  He pleads that the plaintiff is not the real party in interest and also claims to have rescinded his agreement because of unreliable information furnished by plaintiff's assignor recommending purchase of certain common stock and lastly claims the contract is executory; therefore, the measure of damages is not the amount remaining unpaid on contract.  There is no merit to any of the defenses.  As to the first defense, it is no concern of defendant as to how assignment was made so long as there is a real assignment as here.  (*Spencer* v. *Standard Chemical Co.,* 237 N. Y. 479, 480; *Hoppe* v. *Russo Asiatic Bank,* 200 App. Div. 460, 465.)  As to the second defense, assuming that it is true it still could not defeat the plaintiff's action.  The only breach that would serve defendant would be one that goes to the essence of the contract because only then could he be justified in rescinding.  (*Trainor Co.* v. *Amsinck & Co., Inc.,* 236 N. Y. 392,

394; *Rosenwasser* v. *Blyn Shoes, Inc.*, 246 id. 340, 346.) As to the third proposition, the plaintiff is entitled to contract price of $207 as a true measure of damages. (*Van Brink* v. *Lehman*, 199 App. Div. 784.)

Motion is granted. Settle order.