Per Curiam.

Plaintiff’s application for admission to defendant’s College of Dentistry was accompanied by a $200 deposit. Defendant’s letter of acceptance stated that such deposit was refundable only for withdrawal in case of serious illness. Thereafter, plaintiff paid the further sum of $910, representing the balance of tuition and fees for the first half of the year and registered as a freshman. Two days later he resigned from the school for the purpose of attending Kirksville College of Osteopathy aM Surgery. Defendant’s bulletin, which was allegedly supplied to plaintiff in a kit containing the application form, provided, so far as is here pertinent, that there was no right of refund of tuition or fees in cases of withdrawal or dismissal. The court below granted summary judgment to plaintiff for the sum of $910, and, in effect, held that the $200 deposit was equivalent to the damages suffered by defendant.
In our opinion, the contract was entire and indivisible. Irrespective of whether plaintiff’s enrollment was subject to the conditions contained in the bulletin, it clearly appears that plaintiff breached the contract without cause and, consequently, is not entitled to recover tuition paid in advance (Van Brink v. Lehman, 199 App. Div. 784; William v. Stein, 100 Misc. 677). It is well settled that a party may not .recover any payments made under a contract which he has breached (Waldman v. Greenberg, 265 App. Div. 827, affd. 289 N. Y. 769; MacMurray v. City of Long Beach, 266 App. Div. 679, revd. on other grounds 292 N. Y. 286; 11 Williston, Contracts [3d ed.], § 1352; 17A C. J. S., Contracts, § 458).
The order granting summary judgment to plaintiff should be unanimously reversed, without costs, judgment vacated and defendant’s motion for summary judgment dismissing complaint granted. Appeal from order denying motion for reconsideration dismissed as academic.
Concur — Groat, P. J., Margett and Rinaldi, JJ.
Order reversed, etc.