OPINION OF THE COURT
Carmelo A. Parlato, J.
This is a motion brought by plaintiff for summary judgment, in its action based upon a school enrollment contract.
Certain facts are not disputed: that on June 25, 1979, the parties contracted for the enrollment of defendants’ daughter in the sophomore year (10th grade) classes at plaintiff’s privately operated secondary school, for a specified amount of tuition, for the academic year 1979-1980. Beyond tuition, the amounts being sued for, as fees and other charges, were not specified in the contract. The said enrollment contract provided, among other things, that “the [plaintiff] makes provision for instruction a year in advance. Therefore parents enrolling their daughters do so for the entire year and are responsible for the full yearly tuition fee * * * I understand that, in *537 the event the tuition and fees are not paid when due, the [plaintiff] may at its option charge a late payment fee.’ * * * Girls are subject to dismissal by the [plaintiff] at any time in its absolute discretion.” The defendants’ daughter had been similarly enrolled for the prior year, and had completed same. Defendants’ daughter commenced attendance for the said 1979-1980 academic year but was suspended on May 5, 1980, for the reason that no payments had been made on account of that year’s tuition, beyond an amount of $77.28.
Determination of this motion entails the law in respect to whether a contract is “indivisible” or “divisible”, and in respect to partial performance.
In this case, plaintiff is seeking to recover the promised payments notwithstanding that it has itself only partially performed under the subject contract; and the first question is whether this contract is “divisible”, with the defendants being liable for, but only for, the reasonable value of the performed part. The second question is, if or to the extent the contract is not divisible, whether plaintiff is entitled to all, or to none, of the promised tuition, fees and other charges.
Since the terms of the subject contract are factually undisputed, the question of divisibility is one of law, determinable by the court. (10 NY Jur, Contracts, § 255; Anheuser-Busch Ice & Cold Stor. Co. v Reynolds, 221 App Div 174.)
Here, from the undisputed facts above set forth, this court finds initially that the contract is severable into two parts, i.e., one part being the promise by the parents (defendants) to pay tuition and fees, in consideration for the academic instructions to be furnished by the school (plaintiff); the second part being the parents’ promise to pay for items furnished by the school, incidental to instructions, such as meals, and personal property retained by the pupils and otherwise usable.
I — AS TO TUITION AND FEES
This court further finds that the first part of the said contract (i.e., for tuition and fees) is itself indivisible. See *538 Van Brink v Lehman (199 App Div 784), where the court held a very similar enrollment contract to be indivisible. As this court views it, this indivisibility is based upon the integral nature of the academic year (at least at the secondary school level) and is acknowledged, rather than created, by the above-quoted provisions of the subject contract. (See, also, Drucker v New York Univ., 59 Misc 2d 789, affd 33 AD2d 1106.)
Having thusly answered the first question, the second question is whether defendants are liable for the entire amount of tuition and fees, or for none.
It might just be noted that, while it might appear obvious, this court finds (beyond triability) that the school’s furnishing instruction for the 1979-1980 academic year fell short of substantial performance.
This court has not been furnished with, nor has it been itself able to find any precedent for a school recovering tuition in this factual situation. Most cases, as in said Van Brink v Lehman (supra) and Drucker v New York Univ (supra), have allowed the school’s recovery (or retention) of full tuition, where the pupil had elected to Withdraw, with no fault of the school. Here, the school withdrew from its performance, simply on account of nonpayment of the agreed tuition, and with no claim or evidence of any other fault on the part of the defendants or their daughter, or of any actual impairment of the school’s ability to complete its performances.
The law appears generally to be that where a plaintiff’s withdrawal from its performance (leaving it only partly completed) under an indivisible contract is “justified” or “excused”, then full recovery is permitted. But this court has found no authority for the proposition that the default by a defendant in making agreed installment payments is in and of itself either an excuse or a justification for such withdrawal by plaintiff, so as to enable him to recover nonetheless. To the contrary, in New York Jurisprudence it is deemed that “[wjhere a contractor refuses to perform a substantial part of the work called for by the contract, on the ground that the other party has failed to make each installment payment when *539 due, he cannot recover as for complete performance.” (10 NY Jur, Contracts, § 334.) This is precisely what the plaintiff in the case at bar is seeking. While the same treatise continues, in the same section: “It seems, however, that he may recover under such circumstances for the work that he did perform” and cites Green v Rella (225 App Div 308), it is implicit that recovery (which would be based on quantum meruit for the partial performance) would not be permitted in the case, as here, of an indivisible contract. (See 10 NY Jur, Contracts, § 337.) The foregoing is in obvious contrast to where the nonpayment of the agreed moneys (as the tuition and fees here) is such as in fact to render the plaintiff unable to complete the contract, its noncompletion of the contract thus being excusable; and of course in contrast to where the actual misconduct of the pupil has justified the expulsion or suspension.
This court need not decide what the rights and responsibilities of the parties would have been had the enrollment contract expressly provided that on default in the payment of a tuition installment the school would have had the right both to expel the student and to sue for damages, or whether defendants’ daughter might have had the right to a judicial injunction restraining her suspension or expulsion. This court does hold that the suspension of defendants’ daughter constituted a withdrawal by plaintiff from its indivisible contract, neither so justified nor excused as to be consistent with its claim for tuition and fees, and that plaintiff’s claim herein for such tuition and fees should be dismissed in its entirety. In other words, it is the view of this court that the options of the plaintiff, when it felt its patience was at an end, were (1) to sue for the subject tuition and fees but continue the pupil’s enrollment; or (2) to forfeit its right to tuition and fees upon expelling the pupil.
II — MEALS AND OTHER CHARGES
The plaintiff’s claim for the value of meals and certain other items of personal property which may have been retained by defendants’ daughter requires different con *540 sideration, since the benefit derived by defendants from these items apparently transcends the academic character of the tuition and fees; and, as to those items, this court is not able, on the papers presented on this motion, to determine whether the contract is divisible or not; or, if it be divisible, whether demand was ever made on defendants for payment of the items, before commencement of this action (on this last question may hinge the entitlement to costs and disbursements in the action), or what the reasonable value is of such items.
This court thus holds that plaintiff’s claim should be summarily partially dismissed, to the extent described in the instructions below for the order to be prepared herein, and that as to the remaining parts there are triable issues of fact. An order should be prepared accordingly, including substantially the following: that plaintiff’s motion is denied; that pursuant to CPLR 3212 (subdivision [b]), last sentence, and CPLR 3212 (subd [e]), this court grants partial summary judgment in favor of defendants, dismissing the plaintiff’s claim insofar as it seeks to recover for tuition; chemistry lab fee; art/craft/science fee; publications (Monocle and Seminaria); physical education charges; PSAT testing (2); Stratford, Ontario, trip; tax; and late fee; on the ground that to such extent the plajaitiff’s cause of action has no merit; that this court having further found that triable issues of fact do exist relative to plaintiff’s claim for lunch charges (the reasonable value of meals actually served to defendants’ daughter) and relative to plaintiff’s claim for books, lab coat, and gym socks (the reasonable value of so many thereof as have been, if any, retained by defendants’ daughter) plaintiff may file a note of issue for trial of said issues; that upon any eventual finding of liability of defendants for the value of such meals, books, coat or socks, defendants shall be entitled to a credit in the amount of $77.28 (being the balance of the $100 paid on account of tuition less the $22.72 carryover from the prior school year), all without costs on this motion to either party.